George Leo WOCKENFUSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 37121.

Court of Criminal Appeals of Texas.

Oct. 14, 1964.

Billy C. Powell, J. Robert Harris, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Cletus A. Davis and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for driving while intoxicated; the punishment, sixty days in jail and a fine of $200.00.

The testimony of three police officers reveals that appellant was intoxicated immediately after he was involved in an automobile collision while driving an automobile

**940**

upon a public highway. An analysis of a blood specimen taken from appellant at his request showed an alcoholic content of .15 per cent by weight. The testimony further shows that such alcoholic content was indicative of intoxication.

Testifying in his own behalf, the appellant admitted that he was driving the automobile and had had four beers between 8:30 P.M. and 12 midnight, before the collision shortly after midnight, but he denied that he was intoxicated.

The jury resolved the issue of intoxication against the appellant, and the evidence is sufficient to support its verdict.

The only contentions urged for reversal are:

"The Court erred in failing to declare a mistrial because of the prosecutor's questions to Appellant about an extraneous offense."

"The Court erred in allowing the prosecution to impeach Appellant on a collateral matter by testimony about a extraneous offense."

The questions complained of and the testimony concerning an extraneous offense were with reference to statements made by the appellant to the arresting officer after the arrest and while he was in custody.

No objections were made to the questions about the statements of the appellant to the arresting officer, or to the testimony of a state's witness in rebuttal that appellant told the arresting officer that when he got out of jail he would get his gun and come back and get him. During direct examination, the appellant twice testified that he told the arresting officer that "he would beat the hell out of him."

This Court has consistently held that where the appellant fails to object to the introduction of testimony in the trial court, he is in no position to assert on appeal that it was inadmissible. 5 Tex.Jur.2d

61, Sec. 39; Freeman v. State, 172 Tex.Cr. R. 389, 357 S.W.2d 757.

This rule is here applicable and controlling. Therefore no error is shown.

The judgment is affirmed.

Opinion approved by the Court.