**Jesse Frank HOWARD, Appellant,**

v.

**Dr. George BETO, Director, Texas Department of Corrections, Appellee.**

**No. 23761.**

United States Court of Appeals
Fifth Circuit.

March 7, 1967.

Wyatt H. Heard, Houston, Tex., for appellant.

Allo B. Crow, Asst. Atty. Gen., Waggoner Carr, Atty. Gen. of Texas, Hawthorne Phillips, First Asst. Atty. Gen., T. B. Wright, Executive Asst. Atty. Gen., Howard M. Fender, Asst. Atty. Gen., Austin, Tex., for appellee.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

PER CURIAM.

Appellant Howard was convicted of robbery by assault in the Criminal District Court of Harris County, Texas, in 1947. In 1960 Howard was convicted of robbery, and robbery, second offense, in the Criminal District Court of Dallas County, Texas. Under Article 62 and 1408, Texas Penal Code, upon the second conviction of robbery, sentence is not imposed by the jury but is automatically fixed at life imprisonment.

Howard exhausted his state remedies pursuant to 28 U.S.C.A. § 2254, filed his

petition for a writ of habeas corpus in the district court, which was denied, and this appeal ensued.

Three errors are asserted. It is contended that Howard was not represented by counsel at his first trial; that evidence illegally obtained was admitted in his second trial; and that his first invalid conviction was used with the second conviction, which required him to be sentenced as a recidivist.

Relying principally on Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and their progeny, Howard claims that in his first trial he had a right to consult with an attorney (although this right was unknown to him at the time); that he never waived his right to counsel and that, if indeed he had counsel, it was ineffectual representation.

The district court found, however, based upon the admission of Howard and the state trial judge's docket entries which were admitted in evidence, that Howard's mother had retained counsel to represent Howard and that such counsel did, in fact, represent him when he entered guilty pleas at his first trial. There is, of course, a distinction to be made between the lack of effective assistance of competent counsel and *being denied the right* to have the effective assistance of competent counsel. It is the latter that opens a judgment to challenge by habeas corpus. Here the attorney's alleged incompetence cannot be imputed to the state. Hudspeth v. McDonald, 10 Cir. 1941, 120 F.2d 962, cert. den. 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496; Davis v. Bomar, 6 Cir. 1965, 344 F.2d 84, cert. den. 382 U.S. 883, 86 S.Ct. 177, 15 L.Ed.2d 124.

On Howard's second trial a .38 caliber pistol and eye glasses were introduced in evidence over his objection that they were obtained in his residence by the illegal entry of officers without a search warrant. On the habeas hearing the district court found that the search of Howard's premises was made pursuant to his invitation.

We have carefully considered the findings of fact made by the district court. They are supported by the record and are not clearly erroneous. Rushing v. Wilkinson, 5 Cir. 1959, 272 F.2d 633, cert. den. 364 U.S. 914, 81 S.Ct. 280, 5 L.Ed.2d 229; Roberts v. Dutton, 5 Cir. 1966, 368 F.2d 465. We also note that the events relied upon in the second trial occurred prior to Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, which has no retroactive application. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

Affirmed.