Leodis LAWSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43855.

Court of Criminal Appeals of Texas.

June 2, 1971.

Butcher & Pruitt by Jerry C. Hanson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and John Holmes, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public highway while intoxicated. The punishment was assessed by the jury at 1 year in the county jail and a fine of $300.00.

The State's evidence reflects that the appellant was arrested for the alleged offense after an automobile accident in the city of Houson on February 21, 1970, at approximately 5:30 p. m. The sufficiency of the evidence is not challenged.

On appeal the appellant, represented by counsel of his own choice, complains that his retained trial counsel was ineffective. He chiefly complains that such counsel did not subpoena Ralph Bland and James Cheatum as witnesses, for they would have testified that the appellant was not under the influence of alcohol at the time of the alleged offense; that trial counsel failed to move for a continuance when it became apparent Bland and Cheatum were not in the courtroom at the time of the trial; that therefore the only eye witnesses on his behalf with knowledge of his condition at the very time of the alleged offense were not presented before the jury at the trial.

There is nothing in the record before us to reflect that appellant's retained counsel had any knowledge of these individuals at the time of the trial and failed to make any effort to produce them as witnesses.

On cross-examination trial counsel elicited from the arresting officer that after his arrival at the scene of the accident he permitted the appellant to move his automobile because at that time it had not been determined the appellant was intoxicated.

Mrs. Malone with whose vehicle the appellant's had collided was also vigorously cross-examined as to her ability and experience to be able to express an opinion as to intoxication.

Counsel then called Robert Gaston and Martin Livings, fellow employees of the appellant's at a golf club, who revealed that they had been with the appellant earlier in the day and had ridden in his car; that at about 2 p. m. the appellant was sober. Livings further testified that about 2:05 p. m. he was across the street when he "heard a commotion" and observed there had been an accident; that at the time of such accident the appellant was not intoxicated. This testimony was in sharp conflict with that of the State's to the effect that the accident occurred at approximately 5:30 p. m.

The record has been carefully examined and we cannot conclude that there was ineffective assistance of counsel. This record does not support or reflect any willful misconduct by an employed counsel without the appellant's knowledge which amounts to a breach of the legal duty of an attorney. See Steel v. State, Tex.Cr. App., 453 S.W.2d 486; Holbert v. State (Mo.) 439 S.W.2d 507 and cases there cit-

ed. Further, counsel not being court appointed, any incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State. Howard v. Beto (5th Cir.) 375 F.2d 441.

 Appellant acknowledges that ineffective assistance of counsel is not a statutory ground for a new trial in a misdemeanor case (See Articles 40.04 and 40.03, Vernon's Ann.C.C.P.), and does not make the claim that the testimony of Bland and Cheatum was newly discovered evidence. Nevertheless, he contends that the trial court abused its discretion in refusing to consider the sworn affidavits of Bland and Cheatum attached to the "Second Amended Motion For a New Trial." If there was a hearing on such motion, it is not in the record before us. Therefore, there is no support for the contention that the court failed to consider the same before overruling said motion.

The judgment is affirmed.