Virginia Mildred TROTTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 44168.

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Arthur N. Bishop, Detroit, Mich. (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., and James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public highway while intoxicated. The punishment, assessed by the jury, was 7 days in the county jail and a fine of $75.00.

The sufficiency of the evidence is not challenged. Suffice it to say the record reflects that the appellant was arrested by Dallas Police Officer Parrish at 12:20 a. m. on December 20, 1969, while driving a Chevrolet automobile which he described as speeding, weaving, etc., and being driven without headlights.

Initially appellant contends that she was deprived of the effective assistance of trial counsel in violation of her constitutional rights.

The record reflects that the appellant was represented by retained counsel whom she had employed on the morning of her arrest.

■ We have carefully examined the record and cannot conclude there was ineffective assistance of counsel. This record does not support or reflect any willful misconduct by an employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. See Lawson v. State, Tex.Cr.App., 467 S.W.2d 486, and cases there cited. Further, counsel being retained, any claimed incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State. Howard v. Beto, 5th Cir., 375 F.2d 441; Lawson v. State, supra.

Appellant's present counsel claims, among other things, that trial counsel failed to "seek a writ of coram nobis" to properly establish the true facts or to advise appellant of her appellate rights. He makes no further explanation of this contention.

He urges there was an "utter failure to cross-examine the two police officers on their substantive testimony" when the record reflects the contrary. He points to a failure to move to suppress the fruits of an illegal search but does not designate what fruits he has in mind. He suggest trial counsel should have on several occasions moved for a mistrial, but we find no basis for any such motion. He calls attention to the failure to request "favorable instructions" but does not designate what instructions he has in mind.

It is true that the record reflects that trial counsel did not in open court request the offense report for the purpose of cross-examination and possible impeachment after the arresting officer testified, but there is no showing counsel had not previously seen the report or just how appellant was, in fact, harmed.

On direct examination trial counsel did elicit from the appellant she had been previously convicted of driving while intoxicated three years before and had been granted probation. He prefaced his question with the statement, "Now, they are gonna bring this out, so we might as well do it." Certainly, at least, at the penalty stage of the trial such testimony would have been admissible. See Article 37.07, Vernon's Ann.C.C.P. We cannot say that its introduction at the guilt stage was not a part of the trial strategy to demonstrate that the appellant, mother of a number of

children, was a forthright, candid woman whose version of the facts rather than that of the police officers should be accepted by the jury.

In Williams v. Beto, 5th Cir., 354 F.2d 698, the Court said:

"The practice of law is an art as well as a science. As no two men can be exactly alike in the practice of the profession, it is basically unreasonable to judge an attorney by what another would have done, or says he would have done, in the better light of hindsight."

And in MacKenna v. Ellis, 280 F.2d 592, the Fifth Circuit Court of Appeals also stated:

"We interpret the right to counsel as the right to effective counsel. We interpret counsel to mean not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render *and rendering* reasonably effective assistance." See aslo Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

Appellant's first contention is overruled.

■ Next appellant complains deprivation of due process because the prosecution got into evidence the fact she had refused to take a blood test.

On direct examination of the arresting officer it was established that the appellant had been examined by a medical doctor before being placed in jail. Upon objection no further testimony on this matter was developed. On cross-examination the appellant, who claimed she had only "a couple of beers" and was not intoxicated, was asked:

"Q. And, did the medical doctor not give you an examination, medical examination?

"A. He was asleep, and they woke him up and he asked me if I—if I knew if I had a right to refuse and I did if I wished and I said I refused.

"Q. What do you mean?

"A. Well, to take a blood test. He said I could, I didn't have to if I didn't want to and I could if I wanted to.

"Q. And, what did you do in answer to that?

"A. I said no.

"Q. You refused to take one?

"A. I refused."

It is observed that the first question could have been answered simply "Yes" or "No." The answer given was not responsive to the question and the appellant volunteered additional information which lead to the other questions to which there was no objection. Failure to object to inadmissible evidence normally results in a waiver of the objection. 56 Tex.Jur.2d, Trial, Secs. 158, 159, 160; Wockenfuss v. State, Tex.Cr.App., 382 S.W.2d 939. See also Bolton v. State, Tex.Cr.App., 383 S.W.2d 608 (where no objection was made).

We have reviewed appellant's other claims of due process deprivation and find no merit in them.

The judgment is affirmed.

ROBERTS, J., not participating.