**Robert H. ROMER et al., Appellants,**

v.

**GRUVER STATE BANK, Appellee.**

**No. 4512.**

Court of Civil Appeals of Texas, Eastland.

Dec. 10, 1971.

E. Byron Singleton, Amarillo, for appellants.

Countiss & Blackburn (J. E. Blackburn), Spearman, for appellee.

McCLOUD, Chief Justice.

This is a suit on a promissory note. The plaintiff, Gruver State Bank, alleged that the note was executed by James C. Romer, individually, and as agent for Romer Management Company, a partnership, which was also known as RMC. Plaintiff sought recovery against James C. Romer, individually, and Robert H. Romer, Barbara R. Duggan, Linda Kay Romer, Susan B. Romer and Donald Romer, the children of James C. Romer, and the alleged partners of Romer Management Company or RMC.

In a trial before the court without a jury the trial court ruled that James C. Romer, Robert H. Romer and Barbara Duggan were liable on the note. Linda Kay Romer, Susan B. Romer and Donald Romer were held not liable because they were minors at the time of the transactions involved. Only Robert H. Romer and Barbara Duggan appeal. We affirm.

In the upper left hand corner of the note in the space following the word "Name" is typed "Romer Management Co.". The note is signed as follows:

"RMC
By James C. Romer
James C. Romer"

The trial court in its findings of fact found:

"5. RMC and Romer Management Company are one and the same entity and that entity is a partnership composed of Robert H. Romer, Barbara R. Duggan, Linda Kay Romer, Susan B. Romer and Donald Romer. The partnership had given James C. Romer written authority to negotiate and procure loans on behalf of the partnership. The loan involved in this case was obtained on behalf of the partnership by James C. Romer while acting under the authority given him by the partnership.

6. Robert H. Romer and Barbara R. Duggan were of legal majority when the transactions involved in this case occurred. Linda Kay Romer, Susan B. Romer and Donald Romer were minors when the transactions involved in this case occurred."

Appellants, Robert H. Romer and Barbara Duggan, contend that there is no evidence to support the finding that they were partners. We disagree.

An officer of the bank testified that prior to the execution of the note James C. Romer provided him with an instrument which reads in part as follows:

"'BE IT RESOLVED', That James C. Romer, agent of RMC, a partnership of, Robert H. Romer, Barbara Duggan, Linda K. Romer, Susan B. Romer, and Donald H. Romer, is hereby authorized for, and on behalf of, and in the name of this partnership to:

(a) Negotiate and procure loans.

(b) Discount commercial and other business paper belonging to RMC.

(c) Give security for any liabilities of RMC.

(d) Execute in any such form as may be required, all notes and evidences of such loans."

The instrument was signed by Robert H. Romer, Barbara R. Duggan, Linda Kay Romer, Susan B. Romer, and Donald Romer.

We think that the execution of this instrument by appellants constitutes an admission of the facts stated therein and is some evidence of probative force to support the trial court's finding that they were partners.

James C. Romer also furnished the bank officer a financial statement which showed that RMC was a partnership composed of Robert H. Romer, Barbara R. Duggan, Linda K. Romer, Susan B. Romer, and Donald H. Romer, with a net worth of $180,265.94. The financial statement showed that the firm name was "RMC"

and the statement was signed by "Robert H. Romer, partner".

In a nonjury case the trial court is the judge of the credibility of the witnesses and the weight to be given their testimony, and where there is probative evidence to support the findings and judgment, they are controlling upon the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion. Calvert v. Union Producing Company, 154 Tex. 479, 280 S.W.2d 241 (1955).

We have considered all of appellants' points of error and all are overruled. The judgment is affirmed.