**Mark Anthony ERDELYAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45175.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 12, 1972.

---

Gary D. Howard, James B. Langham, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Bill Harris and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of heroin. The court assessed punishment at ten years.

The sufficiency of the evidence is not challenged.

On March 26, 1971, San Antonio police arrested appellant and another and found two ounces of heroin on appellant's person. On May 7, 1971, appellant pled not guilty and one week later appeared with retained counsel and pled guilty to the offense of possession of heroin. The trial court admonished appellant regarding the consequences of his plea. It was further established that appellant's attorney had represented him for four to six months and that appellant was sane. Appellant waived in writing his right to a jury trial and consented in writing to the introduction of stipulated testimony and other evidence pursuant to Article 1.15, Vernon's Ann.C.C.P. After introduction of the evidence the court inquired of appellant whether he was a narcotics addict. He replied he had been for about seven months. The court then found the appellant guilty and assessed the punishment. After appellant had made a motion for probation, the court ordered a pre-sentence investigation. The court then questioned appellant about the methadone maintenance program. Appellant stated that he had been on this program since his release from jail.

Prior to sentencing, the appellant discharged his attorney and employed others who represented him at his hearing on a motion for new trial, and on this appeal. This change in attorneys was entered into the record on June 4, 1971, at which time appellant's motion for probation was denied and he made a motion for new trial.

On July 7, 1971, a hearing on appellant's motion for new trial was held. After the hearing, the trial court denied the motion and pronounced sentence.

Appellant contends that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the Constitution of the United States.

Any incompetency of retained counsel cannot be imputed to the State, Davis v. State, Tex.Cr.App., 429 S.W.2d 895, cert. denied 393 U.S. 1096, 89 S.Ct. 885, 21 L.Ed. 2d 786.

Appellant asserts as bases for his contention of incompetent counsel that unknown to him his attorney had been convicted of a felony in a federal court prior to his own plea of guilty; that his attorney failed to advise him of or to file for him an application under Title III of the Federal Narcotic Program; that his attorney failed to request a preliminary hearing; that his attorney failed to investigate or prepare the case as to the guilt or innocence of the appellant; and that his attorney categorically and unequivocally told appellant he would receive probation if he pled guilty.

At the time appellant pled guilty his attorney was not disbarred nor was he subject then or now to compulsory disbarment since his conviction in federal court is on appeal and is not a final conviction. His attorney was duly licensed and qualified at the time of appellant's plea and the potential ground of disbarment does not render his assistance ineffective as a matter of law.

 Nothing appears in the record to show whether appellant's counsel was unaware of a Federal Narcotic Program or was aware of the program but strategically chose not to bring it up in the hope of obtaining probation and continuing appellant on his methadone maintenance program.[1] Certainly nothing appears in the record to show any bad faith, insincerity or disloyalty toward appellant by his attorney. A good faith error or mistake, if any, made by retained counsel with earnest and honest purpose to serve his client cannot be the basis of a claim of reversible error. Popeko v. United States, 294 F.2d 168 (5th Cir. 1961).

 While an accused has a right to an examining trial prior to indictment the failure to have such is not reversible error, Moss v. State, Tex.Cr.App., 468 S.W.2d 807; Klechka v. State, Tex.Cr.App., 429 S.W.2d 900, cert. denied 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592, and, hence, failure of his attorney to request such is not a basis for a charge of incompetency.

 The contention that counsel did not investigate or prepare the case as to guilt or innocence of the appellant is a mere conclusion unsupported in the record. The record reflects that his attorney represented him from four to six months, made his bail the day after his arrest, had represented the appellant previously in other matters, and merely stated that he had no evidence to offer as to the guilt or innocence of the appellant.

At the hearing on his motion for a new trial, appellant testified that his attorney told him unequivocally that he would get probation. When his new attorney asked him whether he would have pled guilty if he had known he was pleading to "ten years" appellant stated: "I don't think so, no, sir."

When the trial court admonished appellant regarding his plea of guilty the following took place:

"THE COURT: Do you desire to plead guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Before you can plead guilty in any court in this State it is necessary that you be given certain warnings and asked certain questions.

The first of these questions is are you pleading guilty because you are guilty?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anybody placed you in fear, threatened you, mistreated you, abused you, done anything to force you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Has anybody promised you anything to get you to plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: Has anybody told you they would give you a pardon or give you any other promises if you would plead guilty?

"THE DEFENDANT: No, sir.

"THE COURT: The offense with which you are charged, which is possession of narcotic drugs, to-wit, heroin, carries punishment in the Texas Department of Corrections of not less than

---

1. Appellant's attorney at the time of his plea was not called to testify at the hearing on motion for new trial.

two years, it carries any terms (sic) of years up to and including life imprisonment. All of those are possible punishments. Understanding what the punishment could be, do you still insist on pleading guilty?

"THE DEFENDANT: Yes, sir."

Apparently the court believed appellant's earlier statements when he was admonished that he was not promised anything to get him to plead guilty but pled guilty because he was guilty.

 Appellant does not contend that he was not guilty but that his attorney "betrayed and deceived" him into pleading guilty. Nothing in the record supports this allegation. The record does not show or reflect any wilful misconduct by retained counsel without appellant's knowledge which amounts to a breach of legal duty of an attorney. See Trotter v. State, Tex.Cr. App., 471 S.W.2d 822, and Lawson v. State, Tex.Cr.App., 467 S.W.2d 486. The record does show that the trial court was scrupulous in following the requirements of Article 26.13, V.A.C.C.P., to determine that appellant was "uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." We find no merit in appellant's first ground of error.

In his second ground of error, appellant complains that the trial court did not inquire whether appellant's plea of guilty was the result of a bargain or agreement between appellant's attorney and the prosecutor and, if so, did not require this to be dictated into the record and then warn appellant that the trial court was not bound by any such bargain or agreement.

Apparently appellant would have this Court impose Section 1.15 of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, approved draft 1968, as a requirement upon the courts of this State. This Court has limited rule making power. The Legislature has not adopted the recommendations of the American Bar Association.

Trial judges must follow the provisions of Article 26.13, supra, in accepting pleas of guilty, and this is sufficient.

Even though it is not required, trial judges could well use the provisions of Section 1.15, supra, and inform a defendant that the court is not bound to accept the recommendation of the prosecutor if there has been a plea bargain.

No reversible error is shown. The judgment is affirmed.