**John Russell KINCAID, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46682, 46683.**

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Rehearing Denied Nov. 7, 1973.

Warren Burnett and Richard J. Clarkson, Odessa, Neil Caldwell, Angleton, for appellant.

Dixon Mahon, Dist. Atty., Pecos, Ted Butler, Dist. Atty., Charles T. Conaway and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was for murder with malice in two cases on pleas of guilty be-fore the court; punishment, ten (10) years.

After a jury was impaneled and considerable evidence had been presented, in the case wherein appellant was charged with the murder of John Albert Kincaid, Jr., he waived jury trial and changed his plea to guilty. He also plead guilty at the same time to the murder of Frances Ann Kincaid. The court assessed the punishment at ten (10) years in each case, and at a later time heard appellant's applications for probation, which were denied, and his motions for new trial were likewise denied.

The substance of appellant's grounds of error is that the pleas of guilty were involuntary because they were induced by the promise of the trial court to grant probation and that promise was not carried out; that he was denied his rights under the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution, and that he was denied the effective assistance of counsel as guaranteed by the aforesaid Sixth and Fourteenth Amendments.

In connection with admonishing the appellant the following colloquy occurred as to the first mentioned murder charge:

"THE COURT: It is my understanding now, Mr. Kincaid, that although the jury has been selected and although testimony has been presented before a jury, that at this time the Court has been advised that you wish to change your plea from that of not guilty to guilty and waive a trial by jury, is that correct, Mr. Kincaid?

"MR. KINCAID: Yes sir.

"THE COURT: Are you pleading guilty to this indictment because you are guilty?

"MR. KINCAID: Yes sir.

"THE COURT: You are not pleading guilty because of any fear, threats, coercion or any false or delusive hope of pardon or because anyone has promised you anything, are you?

"MR. KINCAID: No sir.

"THE COURT: In other words, you are entering a plea of guilty freely and voluntarily because you are guilty, is that correct?

"MR. KINCAID: Yes sir.

"THE COURT: Has either the State or the defense, or anyone, promised you that you would get probation or has influenced you in changing your plea in order for you to plead guilty before this Court?

"MR. KINCAID: No sir.

"THE COURT: There has been no influence—

"MR. KINCAID: No sir.

"THE COURT: —no one has promised you anything, is that correct?

"MR. KINCAID: Yes sir."

Likewise a similar colloquy occurred as to the second mentioned murder charge in substantially the same content as that quoted above.

On the hearing of appellant's motion for new trial, after probation was denied, there was evidence that the trial judge had committed himself to the appellant's attorneys, before the pleas of guilty were made, to grant probation. In that hearing neither the trial judge nor the appellant testified, and the trial court refused to permit two witnesses to testify or to permit the appellant to perfect his bill of exception to the court's ruling as to such refusal. Appel-

lant's counsel argued in the trial court and before this court on appeal that he had been deprived of an opportunity to establish his federal claim as to ineffective assistance of counsel, etc., as well as his other federal constitutional claims. This court determined that a hearing should be conducted in the trial court so that these claims might be properly resolved prior to final disposition of these appeals. The appeals were held in abeyance and a further hearing ordered.[1]

Such hearing was held by Honorable Louis T. Holland (retired District Judge from Montague), who made his findings of fact and conclusions of law, which are now before this court. They were amply supported by the evidence.

We quote them as follows:

### "FINDINGS OF FACT

"Pursuant to an order issued by the Honorable Court of Criminal Appeals in the above entitled cases dated April 25, 1973, I, Louis T. Holland, Presiding Judge of the Eighth Administrative Judicial District of Texas make the following findings of fact and conclusions of law based upon the competent testimony produced at said hearing:

"1. I find that the appellant, John Russell Kincaid, was effectively represented by the Honorable Warren Burnett and Neil Caldwell at the trial of the case on it's (sic) merits and at the hearing herein on this the 27th day of June, 1973.

---

1. Such order is not without precedent. In Hullum v. State, 415 S.W.2d 192, 197 (Tex. Cr.App.1967), there was presented on motion for rehearing a federal claim of denial of due process and this court determined that a hearing should be had in the trial court so that such federal claim might be determined prior to the final disposition of the appeal. There this court determined that such "procedure is consistent with the 1965 Code and Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408."

Hullum in effect sub silentio overruled Lopez v. State, 384 S.W.2d 345 (Tex.Cr.App.

1964), wherein the court was considering the failure of the trial court to conduct a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), type hearing wherein this court said at p. 348, of 384 S.W.2d:

"We have before us a case on appeal, nothing more or less. We do no have in our procedure any authority to do that which the state asks that we do; that is grant a separate hearing on the evidentiary issue of the voluntariness of the confession.

"We have no alternative but to grant appellant a new trial."

"2. I find that on the 8th day of November, 1971, that the defendant, in open court, waived the trial by jury in each of the above entitled and numbered cases, and freely and voluntarily entered his plea of guilty in each of said cases after being duly warned and admonished by the Court as to the consequenses (sic) of his pleas.

"3. I further find that his attorneys were present and effectively aided and assisted the appellant in entering his voluntary pleas of guilty before the Court.

"4. The Court further finds that Judge Benavides was sitting as the Judge at the trial of said cases and received said pleas from the appellant in open court, and that he did not promise or agree to probate the sentences in order to persuade appellant to enter pleas of guilty.

"CONCLUSIONS OF LAW

"1. It is the conclusion of the Court that appellant's pleas of guilty in the above entitled cases were freely and voluntarily made in open court as provided by law; and, after being duly admonished by the Court of the consequences of said pleas, said pleas were by the Court received.

"2. It is the conclusion of the Court that appellant stands legally convicted in each of said cases and his punishment has been fixed by the Court at confinement in the Texas Department of Corrections for a period of ten (10) years."

Appellant relies principally upon Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. There the case was remanded to the trial court because the prosecutor had agreed not to make a recommendation as to the sentence if the appellant entered a plea of guilty to a lesser included offense, but a prosecutor who subsequently came into the case recommended the maximum sentence. The court remanded for the state court to determine whether the appropriate remedy was specific performance of the agreement or to allow appellant to withdraw his plea of guilty.

■ Here, the prosecutor agreed to recommend a sentence of 10 years, and to state in open court that he had no objection to probation. That agreement was carried out, and no contention is made that it was not. Hence, Santobello does not support appellant's contention.

The evidence here was conflicting as to whether the trial court made a promise to grant probation before the guilty pleas were entered. The findings of Judge Holland that no such promise was made concludes this question against appellant.

Additionally, appellant asserts that his attorneys were rendered ineffective because of such alleged promise.

■ It would have been unjudicial and contrary to public policy for the trial judge to commit himself as to his decision prior to the hearing.[2] Our system contemplates that decisions are to be reached after evidence and argument of counsel and not before. As experienced lawyers, appellant's counsel must have been aware of this, and were charged with upholding the integrity and the justice of our judicial process. They should not have sought or expected the trial judge to commit himself in advance of the hearing and before the presentence report was made by the probation officer. If they acted otherwise, being retained counsel, they did so as employees of appellant, and the lack of the effective assistance of counsel claimed by appellant cannot be imputed to the State. Trotter v. State, Tex.Cr.App., 471 S.W.2d 822; Lawson v. State, Tex.Cr.App., 467 S.W.2d 486;

2. American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Sec. 3.3(a), provides that the trial judge should not participate in plea discussions.

Erdelyan v. State, Tex.Cr.App., 481 S.W. 2d 843.

However, it must be noted that Judge Holland found as a fact that appellant's counsel were not ineffective. If no prior commitment was made by the judge, as found by Judge Holland, they could not have been misled by a promise that did not occur.

We overrule appellant's contentions and affirm the judgments.

Opinion approved by the Court.