v.

The STATE of Texas, Appellee.

No. 15526.

Court of Civil Appeals of Texas, San Antonio.

Feb. 25, 1976.

Rehearing Denied April 14, 1976.

John Compere, Groce, Locke & Hebdon, San Antonio, for appellant.

Ted Butler, Crim. Dist. Atty., San Antonio, Lawrence R. Linnartz, Gerald R. Zwernemann, Douglas C. Young, Asst. Dist. Attys., San Antonio, for appellee.

KLINGEMAN, Associate Justice.

This is an appeal from an order of the 131st District Court of Bexar County, Texas, sitting as the juvenile court, wherein the Court waived its jurisdiction over appellant as a juvenile, certified him as an adult for the purpose of adult criminal proceedings, and transferred him to the 187th Criminal District Court of Bexar County, Texas.

Appellant, R. K. M., was approximately 15 years, 11 months old at the time of the alleged offense, and at the time of the hearing waiving jurisdiction he was over 17 and under 18 years of age. He is presently over 18 years of age. He is charged with the commission of two felonies, robbery and murder with malice. Shortly after the occurrence of the alleged offenses, appellant was picked up and placed in juvenile detention and an attorney was appointed to represent him on October 2, 1973. On October 10, 1973, a motion to certify and transfer the cause was filed by appellee in the juvenile court of Bexar County, Texas. The motion alleged that appellant had committed two offenses against the penal laws of this State of the grade of a felony, and requested that the juvenile court waive its jurisdiction over appellant and certify him as an adult. A trial was held, and on August 6, 1974, the trial court entered its order waiving jurisdiction and certifying appellant as an adult for criminal proceedings. This Court, on March 12, 1975, reversed and remanded the cause to the trial court. See *R. K. M. v. State*, 520 S.W.2d 878 (Tex.Civ.App.—San Antonio 1975, no writ). Subsequently, on March 31, 1975, appellee filed a second motion to certify and transfer the cause. On June 26, 1975, the hearing was conducted, and on June 27, 1975, an order was entered again waiving

jurisdiction and transferring appellant to the District Court for adult criminal proceedings.

■ Appellant asserts by his first point of error that the case should be reversed because the State confined him in the juvenile detention facility without having a detention hearing at the expiration of the maximum 10 day interval in violation of Section 54.01(h) of the Texas Family Code,[1] thereby violating appellant's right to due process of law under the Texas Family Code and the 14th amendment to the U. S. Constitution.

It is undisputed that appellant was placed in the Bexar County Juvenile Detention Center on October 2, 1973, and remained there until November 3, 1973, at which time he was released. During such period of time, detention hearings were held on October 2, 1973, October 4, 1973, and October 26, 1973. It is clear that more than 10 days transpired between the second detention hearing and the third detention hearing.

Appellant contends that since the statutory provisions concerning the length of time of detention were not complied with, the entire proceedings should be considered as void and of no force and effect. He argues that this is true for the following reasons: (a) it was a violation of due process; (b) although juvenile statutes are to be liberally construed to enable the courts to protect the juvenile, they are to be strictly construed insofar as it may result in the restraint of a child's liberty, because then the proceeding is criminal in nature.

Appellant has cited no case, nor have we found any, construing this particular provision of the Family Code. However, in support of his due process argument and his contention that the statute should be strictly construed against the state and in favor of the appellant, appellant cites and relies on such cases as *In re Gault*, 387 U.S. 1, 87

---

1. Section 54.01(h) reads as follows: A detention order extends to the conclusion of the disposition hearing, if there is one, but in no event more than 10 days. Further detention orders may be made following subsequent detention hearings. Subsequent detention hearings may be waived in accordance with the requirements of Section 51.09 of this code, but each detention order shall extend for no more than 10 days.

S.Ct. 1428, 18 L.Ed.2d 527 (1967); *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); *Felder v. State,* 463 S.W.2d 272 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n. r. e.); *Collins v. State,* 429 S.W.2d 650 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ); *Leach v. State,* 428 S.W.2d 817 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). The thrust of appellant's contention is that in a proceeding which seeks to deprive a defendant of his liberty, the defendant is guaranteed all of the privileges and immunities he would have if it were a criminal proceeding. We have no disagreement with this contention, nor with the holdings in the above cited cases.

It should be pointed out that appellant was given a detention hearing on the same day he was placed in the Bexar County Juvenile Detention Center, and that during the approximate period of one month that he was in the detention center, he was given three detention hearings. It must also be noted that during all of this period of time, and up to the present time, he was represented by able and competent counsel. There is nothing in the record to indicate that at any time during the period of time he was being detained that any complaint was made with regard to the detention hearings. The record does not reveal that any habeas corpus proceedings were ever instituted. Moreover, such point of error was not brought up at any stage of the proceedings in the first waiver and transfer hearing, nor was it brought to this Court in appellant's previous appeal. See *R. K. M. v. State, supra.* On this appeal, appellant had not alleged that he was prejudiced by the failure to accord him a detention hearing during the period in question, or that the absence of such a hearing rendered the subsequent proceedings against him unfair. While we do not condone the failure of the State to strictly comply with the 10 day provision of the Family Code, we cannot see that such failure, under the record before us, in any way prejudices appellant's defense, or in any way affected his rights on the herein appeal.

Under the record, we do not regard the absence of the one detention hearing as a violation of due process. There is nothing in the record to show that the failure to hold such a hearing affected any subsequent proceedings. Even if we regard this as a criminal proceeding, and recognize that appellant is entitled to all of the rights and privileges of an adult in this regard, it is to be noted that generally an illegal detention in a criminal case concerning an adult, does not void a subsequent conviction. *Gurstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 855, 43 L.Ed.2d 54 (1975); *Erdelyan v. State,* 481 S.W.2d 843 (Tex.Crim.App.1972); *Klechka v. State,* 429 S.W.2d 900 (Tex.Crim.App. 1968), *cert. denied,* 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969).

Under the record before us, appellant is not entitled to have the order of the juvenile court overturned solely because the provision of Section 54.01(h) was not complied with in one instance. Appellant's first point of error is overruled.

■ By his second and third points of error, appellant contends that this case should be reversed because there is no evidence supporting the trial court's finding that juvenile jurisdiction should be waived over appellant, and that there is insufficient evidence supporting such finding.

Section 54.02(f), Texas Family Code, sets up six criteria or considerations which the juvenile court must examine to determine whether to waive its original jurisdiction. Such criteria are as follows:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

We have carefully read and considered all of the evidence, and such evidence will be hereinafter summarized in some detail. From an examination of such evidence, it cannot be said that there is no evidence to support the trial court's finding, and clearly there is some evidence to support such finding. Appellant's "no evidence" point of error is overruled.

Nine witnesses testified. Such witnesses include two psychologists, who must be considered as expert witnesses; three witnesses who testified with regard to the details of the alleged offenses; and four lay witnesses.

The material portions of the testimony may be summarized as follows:

Dr. Betty Lou Schroeder is the Bexar County psychologist. She testified that she had performed psychological evaluations on over 500 juveniles, and over 8,000 adults. Before joining the County, she was in private practice. Dr. Schroeder testified that she had done a psychological evaluation of appellant shortly after the alleged offenses, and in connection therewith, had done a battery of tests. She stated that in her opinion appellant had an unsocialized aggressive reaction of adolescence, and that the tests showed he had at least low average intelligence. She further testified that the tests and clinical observations done on appellant indicated that he had sociopathic trends, and that he exhibited a very strong oppositional trend, deep suspicion, hostility, and resentment.

Dr. Schroeder stated that appellant is sophisticated in the terms of average maturity for a young man and was able to cope with his particular environment on a mature adult level; that at the time she examined him he had the maturity of an adult within his cultural setting. She further stated that in her opinion he is an adult.

Dr. Schroeder testified as to the various available training and rehabilitation facilities she had visited, and stated that none of these facilities would be appropriate for appellant's rehabilitation, and that appellant's interests would best be met with behavioral modification techniques, which, in her opinion, are only available to the juvenile courts here in a very limited way. She also pointed out that the available facilities do not afford much security, and that the runaway possibilities are very apparent.

Dr. James O. Sherman is a Bexar County child psychologist, and has held such position since April 1, 1975. He has tested approximately 75 children since he has been a Bexar County child psychologist. He examined and evaluated appellant on June 3, 1975. He testified that he administered numerous tests to appellant and that on the basis of such tests and his observations, he was of the opinion that there was no psychiatric disfunction, and no signs of brain damage. He testified that on the Wechsler Adult Intelligence Scale appellant had a verbal score of 48, which is equivalent to an IQ rating of 94, and a performance score of 43, which is equivalent to an IQ of 92; that this is in the average range of intelligence.

He testified that in his opinion appellant is not a mature person for his age, and that in his opinion, he should be treated as a juvenile, and that he believes this to be true because he is an adolescent. He stated that appellant is a high external individual who sees himself as being controlled by forces beyond himself, and that he reverts to the mother figure for decisions. He further stated that he is dependent and shows a great deal of underlying hostility.

In response to questions from the court, Dr. Sherman said that he could not conceive of any youngster that should be treated as an adult, or anyone 16 years of age who should be treated as an adult.

Three lay witnesses testified with regard to appellant's maturity, sophistication, and progress. One was a juvenile probation officer, two were with Healy-Murphy Learning Center. In general, they testified

that appellant does not act like an adult; that he is not mature; that many of his acts are childish; and that in their opinion, he should not be considered or treated as an adult. They further testified that appellant is doing well and making good progress at Healy-Murphy Learning Center, and that he is receptive to counseling.

The other witnesses who testified were the police officer who found the body of the murder victim; Dr. Santos, who performed the autopsy; and one of the participants in the alleged offenses. All testified with regard to the alleged offenses, and their testimony pertains to Sub-sections 1, 2, and 3 of Section 54.02(f) of the Texas Family Code. Such testimony sufficiently supports the trial court findings in these categories.

It also appears from the testimony of one of the case workers at the Bexar County Juvenile Department, that appellant was first referred to the Juvenile Department on June 4, 1973, which is approximately 3½ months prior to the alleged offenses here involved, and that on June 28, 1973, he was adjudicated on charges of unlawfully carrying a pistol (pertinent to Sub-section 5, Section 54.02(f)).

It is seen that the thrust of appellant's complaint pertains to Sub-sections 4 and 6.[2]

The rule is well established in this State that an appellate court will not disturb the findings of the trier of the facts on conflicting evidence where there is some evidence to support such finding and verdict, unless such finding and verdict is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust.[3] *Foley Brothers Dry Goods Co. v. Settegast*, 133 S.W.2d 228, 233 (Tex.Civ.App.—Galveston 1939, writ ref'd); *Highsmith v. Tyler State Bank & Trust Co.*, 194 S.W.2d 142 (Tex.Civ.App.—Texarkana 1946, writ ref'd). It is elementary that the trier of the facts is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962); *Lynch v. Ricketts*, 158 Tex. 487, 314 S.W.2d 273 (1958); *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952); *Romer v. Gruver State Bank*, 474 S.W.2d 578 (Tex.Civ. App.—Eastland 1971, no writ).

The trial court saw and heard the defendant and the witnesses, and had an opportunity to observe their appearance, conduct, and demeanor to evaluate the respective qualifications of the witnesses, and to pass on their credibility. This Court cannot substitute its opinion as to the credibility of the witnesses and the weight to be given their testimony for that of the trial court, as this is the sole province of the trier of the facts. Under the record before us, we cannot say that the trial court's finding and verdict is such as to shock the conscience, or that the conclusion reached was clearly wrong, or was the result of some passion, prejudice or improper motive, or was against the great weight and preponderance of the evidence. The trial court's finding and judgment is sufficiently supported by the evidence. Appellant's points of error number 2 and 3 are overruled.

The judgment of the trial court is affirmed.

---

**2.** Sub-sections 4 and 6, Section 54.02(f) Texas Family Code: (4) the sophistication and maturity of the child; (6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

**3.** It is sometimes stated that the verdict must be such as to shock the conscience of the court, or show clearly that the conclusion reached was wrong, or was the result of some passion, prejudice or improper motive.