

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-382-CR

GEORGE GAAL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## OPINION

------------

Appellant George Gaal appeals his felony conviction for driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2009). In one of his four points, he contends that the trial judge should have been recused. We reverse and remand for a new trial.

Background Facts

Near midnight on September 23, 2007, Gayle Cook was riding in a pickup with her husband on Milam Road toward Interstate 35 when she saw a truck stopped in the middle of the road and saw Gaal on the ground in front of the truck. It appeared to Cook that Gaal's truck had hit a guardrail and was damaged. Cook approached Gaal to ask him if he was okay, but Gaal was disoriented and did not appropriately answer Cook's questions. Cook and her husband went to a truck stop that was close by and called 911 on Cook's cellular phone, but while they were doing so, Gaal began to drive away.

Cook and her husband followed Gaal, who was driving slowly and was swerving. Gaal eventually drove into a ditch, but then he drove back onto the road at a very fast speed before eventually pulling into a parking lot and stopping his truck. Cook had continued her contact with 911, and a Denton police officer eventually arrived at the parking lot and approached Gaal's truck. The officer noticed that Gaal had slurred speech, that he smelled like alcohol, and that he had bloodshot eyes. She also saw hydrocodone in Gaal's truck. Another Denton police officer arrived at the parking lot and asked Gaal to take a standardized field sobriety test and two nonstandardized tests, all of which he failed. The officer arrested Gaal and found an empty bottle of Crown Royal and two empty beer bottles in his truck.

In December 2007, a Denton County grand jury indicted Gaal for DWI; the indictment alleged that Gaal had two prior DWI convictions. The parties filed various pretrial documents; for instance, Gaal filed a motion to recuse the trial judge based on a comment that he made about Gaal's potential plea bargain.[1] The motion to recuse was denied, and Gaal's trial began in August 2008. Gaal initially pled not guilty and filed his application for community supervision. After the jury was selected, Gaal pled guilty.

The parties presented evidence concerning Gaal's punishment; Gaal testified and asked the jury to place him on community supervision. After the parties presented closing arguments, the jury assessed Gaal's punishment at ten years' confinement. Gaal filed a motion for new trial, but the trial court denied the motion, and Gaal filed his notice of appeal.

## Recusal

In his fourth point, Gaal contends that the trial judge should have been recused. We agree.

### Standard of review and applicable law

We apply the rules of civil procedure to review the denial of a motion to recuse in a criminal case. *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim.

---

[1] The details regarding Gall's motion to recuse and the trial judge's comment are included below.

3

App. 2004) (orig. proceeding); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993); *see Kniatt v. State*, 239 S.W.3d 910, 912–13 (Tex. App.—Waco 2007, no pet.) (op. on reh'g). In doing so, we review the denial of a motion to recuse for an abuse of discretion. Tex. R. Civ. P. 18a(f); *Wesbrook v. State*, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000) (plurality op.), *cert. denied*, 534 U.S. 944 (2001); *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992), *cert. denied*, 508 U.S. 918 (1993).

To determine whether the court hearing the motion to recuse abused its discretion, we must determine whether it acted without any guiding rules or principles. *Abdygapparova v. State*, 243 S.W.3d 191, 197–98 (Tex. App.—San Antonio 2007, pet. ref'd); *Mosley v. State*, 141 S.W.3d 816, 834 (Tex. App.—Texarkana 2004, pet. ref'd) (adding that the "mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge does not demonstrate [an abuse of discretion]"). In other words, "an appellate court should not reverse a trial judge whose ruling on the motion was within the zone of reasonable disagreement." *Kemp*, 846 S.W.2d at 306. In reviewing the denial of the motion, we must consider the totality of the evidence elicited at the recusal hearing. *Id.*

4

A judge shall be recused if, among other reasons, the judge's "impartiality might reasonably be questioned" or the judge "has a personal bias or prejudice concerning the subject matter or a party." Tex. R. Civ. P. 18b(2). As the court of criminal appeals has explained,

> A trial judge ruling on a motion alleging bias as a ground for disqualification must decide whether the movant has provided facts sufficient to establish that a reasonable man, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial judge. Bias may be a ground for disqualification only when it is shown to be of such nature, and to such extent, as to deny the defendant due process of law.

*Kemp*, 846 S.W.2d at 305 (citations omitted); *see Wesbrook*, 29 S.W.3d at 121; *Rosas v. State*, 76 S.W.3d 771, 775 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (applying the reasonable person/due process standard).

Analysis

According to the State's attorney's statements during the hearing on Gaal's motion to recuse, in June 2008, Gaal's original trial counsel had negotiated a plea bargain of two years' confinement with the State. Gaal arrived at a pretrial hearing on June 30 with new counsel even though the State and the trial judge expected Gaal to plead guilty under the plea bargain at the hearing. Gaal eventually rejected the plea bargain and chose to not plead

guilty, and the State rescinded its plea bargain offer.[2] At that point, the trial judge said, "All right. We're supposed to have a plea here today. It appears that Mr. Gaal does not want to plea. For the record, I will not accept any plea bargain in this matter, unless it's for the maximum term of ten years."

Gaal filed his motion to recuse on July 3. Gaal's recusal motion alleged that the trial judge was biased or prejudiced against him. It also asserted that the trial judge had denied Gaal due process because the "admonition by the

---

[2] Gaal's counsel said during the recusal hearing that on June 30, he was informed that it would be necessary for Gaal

> to plea that day or the offer would be removed off the table. Mr. Gaal requested the Court, off the record, to either do a bifurcated plea in which he could plea one day and then come back and have sentencing the next because he is a business owner and would need to place his assets into receivership while he was incarcerated. The Court stated that it was not in its wisdom to do that. And then after that, a request was made for a few days, and that was also denied for the same reasons. And then after that, we were called before the Honorable Court to give our announcement as to the State's offer, which Mr. Gaal refused.
>
> . . . .
>
> [W]hen we entered the courtroom, the offer was two years on the table, and . . . when [Gaal] stated that he didn't want to plea on that particular day, the offer was removed from the table from the State at that time.

The State has not disputed the veracity of these facts as recited by Gaal's counsel.

Court . . . clearly place[d] the Court in an adverse position to [Gaal]." On August 1, the judge assigned to hear the recusal motion held a hearing in which Gaal's counsel argued in part, "I don't believe that Mr. Gaal can receive due process if his presiding judge will not consider the entire range of punishment . . . . It removes [Gaal] from seeking to the court relief from punishment, and leaves [him] one alternative to go to the jury." The recusal judge denied Gaal's motion.

Due process requires a neutral and detached trial court. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (op. on reh'g). Thus, a trial court denies a defendant due process when it arbitrarily, without any evidence before it, refuses to consider a portion of the permissible range of punishment. *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005); *McClenan v. State*, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983), *overruled on other grounds by De Leon*, 127 S.W.3d at 5–6; *Cole v. State*, 931 S.W.2d 578, 579–80 (Tex. App.—Dallas 1995, pet. ref'd). For example, the Houston (First District) Court of Appeals, relying on *McClenan*, held that a trial judge should have been recused when, in response to questioning regarding whether the judge would accept a plea bargain of deferred adjudication, the judge said, "No, and if the jury gives her probation, I'll give her jail time."

7

*Norton v. State*, 755 S.W.2d 522, 523–24 (Tex. App.—Houston [1st Dist.] 1988) (italics omitted), *pet. ref'd*, 771 S.W.2d 560 (Tex. Crim. App. 1989). Similarly, the Dallas Court of Appeals held that a trial court denied the defendant due process by failing to consider the entire punishment range when it told the defendant at a deferred adjudication hearing that it would impose a twenty-year sentence if probation was revoked and then imposed that sentence once probation was revoked. *Jefferson v. State*, 803 S.W.2d 470, 471–73 (Tex. App.—Dallas 1991, pet. ref'd).

Like the decisions in *Norton* and *Jefferson*, we conclude that under the facts of this case, the trial judge's comment that he would only consider a plea bargain for the maximum punishment forecasted his inability to consider the full punishment range and denied Gaal due process; therefore, we hold that the recusal judge abused his discretion by denying Gall's motion to recuse. In so holding, we recognize that a trial judge is not required to accept any particular plea bargain or even to allow parties to engage in the plea bargain process. *State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 8–9 (Tex. Crim. App. 1983) (orig. proceeding); *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. [Panel Op.] 1978). Thus, we certainly do not hold that a trial judge should be recused merely for rejecting a particular plea bargain or limiting the plea bargain process.

However, we conclude that the trial judge in the limited circumstances of this case exceeded his general authority to reject plea bargains. Here, the record indicates that the trial judge had allowed the plea bargain process to proceed and had initially considered approving a plea bargain for the minimum term of confinement but then reacted to Gaal's decision not to plead guilty by arbitrarily foreclosing the possibility of any plea bargain other than one for the maximum punishment, even though there was no particular plea bargain presented for the judge's consideration at that time.[3] This was improper because "[t]he only proper role of the trial court in the plea-bargain process is advising the defendant whether it will 'follow or reject' the bargain between the [S]tate and the defendant." *Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim. App. 2009); *see* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (Vernon Supp.

---

[3] There is no indication that the trial judge's statement that he would consider only the maximum punishment in a plea bargain was caused by anything other than Gaal's rejection of the State's plea bargain—such the trial judge's consideration of facts about the case that warranted a higher punishment compared to other cases, Gaal's conduct while out of confinement on bond, or Gaal's prior convictions. *See Roman v. State*, 145 S.W.3d 316, 319, 321 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (stating that "refusal to consider the entire range of punishment would not be arbitrary if certain facts were proved, and other mitigating facts not proved" and that only "an *arbitrary* refusal to consider the entire range of punishment would constitute a denial of due process"); *Salinas v. State*, 9 S.W.3d 338, 341 (Tex. App.—San Antonio 1999, no pet.) (explaining that judges are "human and allowed to be angry as long as their judgment is fair and supported by law").

2009) (explaining that "the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, *in the event that such an agreement exists*, the court shall inform the defendant whether it will follow or reject such agreement) (emphasis added); *Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex.,* 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (orig. proceeding) (explaining that a trial judge "should not participate in any plea bargain agreement discussions until an agreement has been reached between the prosecutor and the defendant" because "the trial judge should always avoid the appearance of any judicial coercion or prejudgment of the defendant"); *see also Kincaid v. State*, 500 S.W.2d 487, 490 (Tex. Crim. App. 1973) (stating that it is "unjudicial and contrary to public policy for the trial judge to commit himself as to his decision prior to [a] hearing").

The State notes in its brief that during the hearing on Gaal's motion for new trial, the trial judge said that his statement about Gaal's potential plea bargain did not mean that he could not consider the full range of punishment at trial.[4] But that comment occurred after the recusal judge made his decision

---

[4] ... The trial judge said,

> And I don't know how many times [Gaal's counsel] came back in the courtroom and asked to have so many days after he pled [to

to deny Gall's recusal motion, and it strains reason to believe that under the circumstances of this case—in which the trial judge reacted against Gaal by foreclosing a plea bargain for all but the maximum term specifically because he chose *not* to plead guilty[5]—the judge would have assessed less than the maximum term if Gaal had nonetheless pled guilty without a plea bargain before the judge at trial.

Finally, we note that at the recusal hearing, the recusal judge said, "[W]hile a bias or prejudice is not something that a judge should have, it is permitted as long as it's not extra-judicial."  However, as the United States Supreme Court has explained,

> It is wrong in theory . . . to suggest, as many opinions have, that "extrajudicial source" is the *only* basis for establishing disqualifying bias or prejudice.  It is the only *common* basis, but not the exclusive one, since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate.  A favorable or unfavorable predisposition can also deserve to be characterized as "bias" or "prejudice" because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment.

---

finish his business affairs] or whatever, and I said, no, the deal was that if he did not plead today, that, in fact, I would not take a plea bargain unless it was for the maximum.  Now, that did not preclude me hearing this case and deciding within the punishment range, two to ten years.  I was just not going to take a plea bargain.

[5] Defendants have the right to plead not guilty.  *See Mendez v. State*, 138 S.W.3d 334, 343–44, 350 (Tex. Crim. App. 2004).

11

*Liteky v. United States*, 510 U.S. 540, 551, 114 S. Ct. 1147, 1155 (1994); *see also Kniatt*, 239 S.W.3d at 914, 920 (stating that "claims of questioned impartiality and personal knowledge under [the rules of civil procedure] do not always require a showing of bias or partiality arising from an extrajudicial source" and holding that recusal for judicial remarks or conduct evidencing bias may stem from facts arising within the context of a judicial proceeding when the remarks show deep-seated favoritism that make a fair judgment impossible); *Roman*, 145 S.W.3d at 322; *Markowitz v. Markowitz*, 118 S.W.3d 82, 87 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (citing *Liteky* and explaining similarly), *cert. denied*, 543 U.S. 820 (2004).

For all of these reasons, we hold that the recusal judge abused his discretion by deciding that the trial judge should not be recused, and we sustain Gaal's fourth point.[6] Having sustained his fourth point, we will not address his first three points. *See* Tex. R. App. P. 47.1; *Rotenberry v. State*, 245 S.W.3d 583, 589 (Tex. App.—Fort Worth 2007, pet. ref'd).

---

[6] Trial before a biased judge is structural error that is not subject to a harm analysis. *See Johnson v. United States*, 520 U.S. 461, 468–69, 117 S. Ct. 1544, 1549–50 (1997); *De Leon*, 127 S.W.3d at 7 (citing *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 1833 (1999)); *Kniatt*, 239 S.W.3d at 920 n.17.

Conclusion

Having sustained Gaal's fourth point regarding the denial of his motion to recuse, we reverse the trial court's judgment and remand this case for a new trial before a different judge. *See* Tex. R. App. P. 43.2(d); *State ex rel. Millsap v. Lozano*, 692 S.W.2d 470, 479 n.12 (Tex. Crim. App. 1985) (orig. proceeding) (noting that rule of civil procedure 18b affords "a trial before a different judge"); *see also In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) ("If the appellate court determines that the judge presiding over the recusal hearing abused his or her discretion in denying the motion and the trial judge should have been recused, the appellate court can reverse the trial court's judgment and remand for a new trial before a different judge.").

TERRIE LIVINGSTON
JUSTICE

PANEL:  LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 28, 2010