No. 336.   DENNIS ET AL. *v.* UNITED STATES, *ante,* p. 863. C. A. 2d Cir.   The motion of petitioners for a postponement of oral argument is denied.   The motion of petitioners for a member of the English Bar to participate in oral argument *pro hac vice* is granted.   The motion of petitioners to grant an aggregate of two hours for oral argument, divided among three attorneys, is granted. MR. JUSTICE CLARK took no part in the consideration or decision of these motions.   An individual statement was filed by MR. JUSTICE FRANKFURTER.   *Harry Sacher* and *Abraham J. Isserman* were on the motions for petitioners. *Solicitor General Perlman* for the United States.

Individual Statement of MR. JUSTICE FRANKFURTER.

The petition for certiorari in this case was granted on October 23.   340 U. S. 863.   For obvious reasons, criminal cases should be heard with every expedition.   In view of the nature and range of the issues here involved, the case was set for argument on December 4, 1950.   On November 17, the petitioners moved the Court to postpone the argument until January 22, 1951, in order to make possible participation in the argument by an English barrister.

Adequate presentation by qualified counsel of issues relevant to a litigation is indispensable to the adjudicatory process of this Court.   To that end, litigants have the unquestioned right to make their choice from the members of the bar of this Court, or even to be represented by nonmembers of this bar who are given special leave under appropriate circumstances to appear *pro hac vice*.   If a party is unable to secure representation, this Court, on cause shown, appoints qualified counsel.   Intrinsic professional competence alone matters.   The name or fame of counsel plays no part whatever in the attention

paid to argument, and is wholly irrelevant to the outcome of a case.

If this were a case in which the Court were duly advised that the petitioners were without adequate legal representation and were unable to secure competent counsel, the Court would of course appoint counsel qualified to press upon the Court the arguments on behalf of the petitioners. There is not the remotest suggestion that the counsel who have thus far appeared in the Court of Appeals and here are not in every way fully equipped to present the cause of the petitioners. There is no suggestion that these lawyers will not in every way meet their duties to their clients as well as to the Court. Indeed it is clear that they are especially qualified for this professional task. These five lawyers argued these questions at length before the Court of Appeals and submitted full briefs to that court. They are the same five lawyers who successfully presented the motion for admission to bail to Circuit Justice Jackson, 184 F. 2d 280, and on whose petition and brief this Court granted a review of the decision of the Court of Appeals. They are the same five lawyers who on November 20 filed a brief on behalf of the petitioners constituting a volume of 280 pages, which, even on a cursory examination, is disclosed as an able piece of advocacy.

Solicitous regard for every interest of the petitioners is part of the due administration of justice. In these circumstances their interests will be fully safeguarded if the case proceeds to argument as originally set, on December 4. If, on that day, counsel for petitioners deem it desirable to associate with themselves any other counsel, whether a member of the bar of this Court or, *pro hac vice,* a member of the bar of England or Australia, they are of course free to do so. See Rule 2 of the Rules of this Court, as amended.