William H. HERRELL, Appellant,

v.

UNITED STATES of America, Appellee (two cases).

Nos. 12692, 12693.

United States Court of Appeals
Sixth Circuit.

June 6, 1956.

---

William H. Herrell, pro se.

John C. Crawford, Jr., Knoxville, Tenn., for appellee.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This appeal from an order denying a motion to vacate sentence has been presented on the brief filed by appellant, who is now confined in the United States Medical Center at Springfield, Missouri, and on the oral argument and two-page brief of the United States Attorney for the Eastern District of Tennessee. It has been considered, also, upon the transcript of the proceedings and testimony received on the motion to vacate sentence in the United States District Court.

From all this, it appears that, on his arraignment when he waived indictment and entered a plea of guilty to the information filed against him, appellant was represented by an able, experienced and highly reputed attorney who formerly had been an Assistant United States Attorney; and the evidence adduced on the hearing of the motion to vacate sentence shows that, at the time appellant entered his guilty plea, he was of sound mind and not mentally incompetent. He was represented by another competent attorney at the hearing of his motion to vacate.

The issue here is solely one of fact, which has been resolved against appellant upon a fair and adequate hearing in the district court upon his motion to vacate sentence. It is, therefore, unnecessary that this court should grant his motion to appoint counsel to represent him on this appeal. Were the issue one of law, an attorney would be appointed; but, inasmuch as the issue is purely one of fact, we are of opinion that his appeal would not have stood in better case had an attorney, either selected by him or appointed by this court, appeared for him in this court.

Accordingly appellant's motion for appointment of an attorney is denied; and the judgment of the district court denying his motion to vacate sentence is affirmed.