Richard Lee GILPIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13327.

United States Court of Appeals Sixth Circuit.

Feb. 28, 1958.

Alvin D. Pauley, Cincinnati, Ohio, for appellant.

Richard M. Colasurd, Asst. U. S. Atty., Toledo, Ohio (Sumner Canary, U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and MATHES, District Judge.

MATHES, District Judge.

Appellant has applied to this Court for leave to appeal in forma pauperis from a judgment of conviction in the District Court. [28 U.S.C. § 1915(a).]

In aid of this application, appellant asks this Court to review and set aside as "unwarranted" (Johnson v. United States, 1957, 352 U.S. 565, 566, 77 S.Ct. 550, 1 L.Ed.2d 593) the District Court's certificate denying an appeal at public expense because "not taken in good faith" within the statutory provision that: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith" [28 U.S.C. § 1915(a)].

Following conviction by verdict of the jury of the offense of receiving and storing a stolen motor vehicle in violation of 18 U.S.C. § 2313, appellant moved for a new trial upon the grounds: that the verdict is not supported by substantial evidence and is contrary to the evidence; that certain evidence was erroneously admitted over appellant's objection; and that there was error in the charge to the jury. At the hearing, appellant asked and received permission personally to argue the motion for a new trial, although his two court-appointed counsel who had served him through the trial were also present.

After his motion for a new trial had been denied, appellant made application in due form to the District Court for leave to appeal in forma pauperis. In an effort to establish the claimed good faith and merit of the appeal, appellant repeated the grounds advanced upon the motion for a new trial, and added as further ground of appeal the accusation that his court-appointed counsel were "remiss, negligent and incompetent": in failing to adduce evidence, in cross-examining witnesses for the prosecution, and in summation to the jury.

Following denial by the District Court of his application to appeal in forma pauperis, appellant asked Judge Stewart of this Court to certify under 28 U.S.C. § 753(f) "that the appeal is not frivolous but presents a substantial question," and to order accordingly that a transcript of the proceedings at the trial be furnished appellant at public expense. Judge Stewart reviewed the record from the District Court and denied the application. See: 28 U.S.C. § 1915(b); Miller v. United States, 1942, 317 U.S. 192, 601, 63 S.Ct. 187, 87 L.Ed. 179; United States v. Stevens, 3 Cir., 1955, 224 F.2d 866, 868; cf. Griffin v. People of State of Illinois, 1956, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

This Court has since appointed counsel now of record to represent appellant, and it appeared upon oral argument that present counsel has been unable after extensive correspondence with appellant to develop any showing of claimed error, by appellant's affidavit or otherwise, other than that presented to the District Court, and later to Judge Stewart, and now to us. Indeed, appellant has never specified with any particularity: wherein the evidence is alleged to be insufficient to sustain the verdict, or what evidence is claimed to have been erroneously admitted, or what occurred to his prejudice in the summation or the charge to the jury. [Cf. Farley v. United States, 1957, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529].

In the circumstances then it is clear that there was available to appellant, without a complete stenographic transcript of the trial, ample and "appropriate means * * * of making manifest the basis of his claim that the District Court committed error in certifying that the desired appeal was not pursued in good faith." Johnson v. United States, supra, 352 U.S. at page 566, 77 S.Ct. at page 551.

The challenged certificate was made by the judge of the District Court who presided at the trial. The record before the District Court, and now here, includes a transcript of the proceedings upon the motion for a new trial. This transcript discloses that upon the argument of that motion appellant had only mild criticism for his appointed counsel, commenting that "although they made a fine closing address to the jury * * * they didn't stress the evidence enough to give me a fair trial to the jury."

A cognizable issue as to effective assistance of counsel is not tendered by mere general criticism of an attorney's conduct of the defense. In order to present a colorable showing of lack of effective assistance of counsel, a defendant must descend to particulars and allege what the attorney did or failed to do that constituted malrepresentation. See: Taylor v. United States, 9 Cir., 1956, 238 F.2d 409, 413–414; Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45, 47.

Serving without fee at the appointment of this Court, counsel has filed an able brief in support of appellant's contentions, but the certificate of the District Court "must be given effect at least to the extent of being accepted by appellate courts as controlling in the absence of some showing that the certificate is made without warrant * * *." (Wells v. United States, 1943, 318 U.S. 257, 259, 63 S.Ct. 582, 584, 87 L.Ed. 746; see: Parsell v. United States, 5 Cir., 1955, 218 F.2d 232, 236; Higgins v. Steele, 8 Cir., 1952, 195 F.2d 366, 368; cf. Higgins v. Binns, 9 Cir., 1953, 204 F.2d 327).

Nothing appearing to persuade us that the not-in-good-faith certificate of the District Court was not fully warranted, appellant's application to set it aside is denied, and appellant's application here for leave to appeal in forma pauperis is also denied.