Richard Lee GILPIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13327.

United States Court of Appeals
Sixth Circuit.

March 28, 1959.

Richard Lee Gilpin, in pro. per.

Before MARTIN, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The background of this case is given in Gilpin v. United States, 6 Cir., 252 F.2d 685.

Following the denial of appellant's motion to proceed in forma pauperis, appellant has taken and prosecuted this appeal at his own expense. Appellee's motion to dismiss the appeal is accordingly overruled.

The appeal is set for hearing and argument on April 22, 1959. By letter of

June 10, 1958, appellant advised the Clerk of this Court that he did not want the Court to appoint counsel for him because of his "Previous experience" with court-appointed counsel. Some of this "experience" is shown by the opinion of this Court above referred to. On March 11, 1959, appellant filed a motion in this Court that he be assigned counsel to assist him in this appeal. He contends that he has a constitutional right to the assistance of counsel under the Sixth Amendment of the United States Constitution. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

There is considerable authority to the effect that there is no constitutional right to the assistance of counsel in the Court of Appeals. Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, certiorari denied 314 U.S. 607, 62 S.Ct. 92, 86 L.Ed. 488; Osborne v. Johnston, 9 Cir., 120 F.2d 947; Gargano v. United States, 9 Cir., 137 F.2d 944; Thompson v. Johnston, 9 Cir., 160 F.2d 374, certiorari denied 331 U.S. 853, 67 S.Ct. 1738, 91 L.Ed. 1861; Edwards v. United States, 78 U.S.App. D.C. 226, 139 F.2d 365, 368, certiorari denied 321 U.S. 769, 64 S.Ct. 523, 88 L.Ed. 1064. We have previously so held. Ingersoll v. United States, No. 11,244, order of October 12, 1950. See Schwab v. Berggren, 143 U.S. 442, 447–448, 12 S.Ct. 525, 36 L.Ed. 218. See also: Gillespie v. Hunter, 10 Cir., 159 F.2d 410; United States v. Huggins, 7 Cir., 184 F. 2d 866, 868, in which it was held that the constitutional right to the assistance of counsel does not apply to a hearing on a motion to revoke probation; United States v. Caufield, 7 Cir., 207 F.2d 278; Richardson v. United States, 10 Cir., 199 F.2d 333; Nivens v. United States, 5 Cir., 139 F.2d 226, certiorari denied 321 U.S. 787, 64 S.Ct. 780, 88 L.Ed. 1077, rehearing denied 321 U.S. 804, 64 S.Ct. 845, 88 L.Ed. 1090, 322 U.S. 769, 64 S.Ct. 1142, 88 L.Ed. 1595; Crowe v. United States, 4 Cir., 175 F.2d 799, certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, rehearing denied 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341, in which it was held that the constitutional right

to the assistance of counsel does not apply to a hearing upon a motion by defendant to correct or vacate a criminal judgment; and Dorsey v. Gill, 80 U.S. App.D.C. 9, 148 F.2d 857, 877, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; Stidham v. United States, 8 Cir., 170 F.2d 294, 297; Graeber v. Schneckloth, 9 Cir., 241 F.2d 710; Petition of Wilson, D.C.W.D.Mich., 68 F. Supp. 168, in which it was held that the constitutional right to the assistance of counsel does not apply to a habeas corpus proceeding which attacks the validity of a criminal judgment.

Although it is not required, it is the usual practice in this Court to appoint counsel for an indigent appellant in an appeal attacking the validity of a criminal judgment where the issue involves a question of law. Herrell v. United States, 6 Cir., 234 F.2d 814. This appears also to be the view taken by the Court in Holmes v. United States, 8 Cir., 126 F.2d 431, 433.

The view that appointment of counsel was necessary on appellate review was indicated in the Individual Statement of Mr. Justice Frankfurter in Dennis v. United States, 340 U.S. 887, 71 S.Ct. 133, 95 L.Ed. 644. In the recent case of Johnson v. United States, 352 U.S. 565, 566, 77 S.Ct. 550, 1 L.Ed.2d 593, the Supreme Court held that appellant was entitled to the assistance of counsel in challenging the certificate of the District Court that the appeal was not taken in good faith in denying an application to appeal in forma pauperis. In the per curiam opinion in that case the Court did not discuss the question we are now considering. In relying solely upon Johnson v. Zerbst, supra, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, which involved the failure to appoint counsel to represent the defendant in the trial court, not the Court of Appeals, it did not refer to or discuss any of the cases hereinabove cited which have held that the right to the assistance of counsel does not include the appointment of counsel in the Court of Appeals. Accordingly, we construe Johnson v. United States, supra, as being

limited to the issue there presented, which did not include the appointment of counsel in the Court of Appeals after the appeal has been perfected and the case is being reviewed on its merits.

█ In any event, in this case the appeal has been held in three prior hearings to be frivolous and not taken in good faith. Gilpin v. United States, supra, 6 Cir., 252 F.2d 685. Appellant has had the benefit of two court-appointed counsel by the District Court and has either relieved them of their duties or has acquiesced in their withdrawal from the case. He has had the benefit of a third court-appointed counsel in this Court with the same result. He thereafter notified the Court that he did not want counsel appointed for him, and acting upon that notification the appeal has been set for argument on April 22, 1959, without the appointment of counsel to assist him. His present request, after many intervening months, is in our opinion without merit, and is accordingly denied. Taylor v. Steele, 8 Cir., 194 F.2d 864, certiorari denied 343 U.S. 973, 72 S.Ct. 1080, 96 L.Ed. 1367, rehearing denied 344 U.S. 849, 73 S.Ct. 49, 97 L.Ed. 660; Gargano v. United States, 9 Cir., 140 F.2d 118, 119; Kelly v. Ragen, 7 Cir., 129 F.2d 811, 813; Ligare v. Harries, 7 Cir., 128 F.2d 582, 583; Kelly v. United States, 9 Cir., 135 F.2d 919.

On March 18, 1959, one week after the filing of the motion for appointment of counsel, appellant filed a motion in this Court to set aside the District Court's certification that appellant was not appealing in good faith. This appears to be the same issue presented to and heretofore decided by this Court in Gilpin v. United States, supra, 6 Cir., 252 F.2d 685. The motion is overruled.

█ Appellee has moved to strike appellant's brief from the record for the reason that it is in typewritten form, contrary to the provisions of Rule 16(1), Rules of this Court, 28 U.S.C.A. and that in effect appellant is attempting to proceed in forma pauperis after having been denied that right by order of this Court.

If this motion should be sustained, it is probable that no printed brief would be filed. Since appellant will probably not be represented by counsel at his own expense, we will want to give careful consideration to any contentions which he may make by brief. The motion to strike appellant's brief is overruled.