**Abron MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45969.**

Court of Criminal Appeals of Texas.

May 1, 1973.

Rehearing Denied May 16, 1973.

William D. Tipton (on appeal only), Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Phyllis Bell and William Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was indicted as a second offender for the offense of robbery by assault. He was found guilty of the primary offense, and at the punishment stage the jury found that he had been previously convicted of robbery by assault as alleged in the indictment. His punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life. He was represented on the trial by employed counsel. Some time after conviction, appellant filed a pauper's oath, and

the court appointed different counsel to represent him on appeal, and ordered that a statement of the evidence be prepared and made available to appellant without cost to him. An earlier appeal was abated by this court because appellant's employed counsel had failed to notify the trial court that he was no longer employed in the case, and of appellant's indigency. Martin v. State, Tex.Cr.App., 487 S.W.2d 83. Thereafter the appeal was perfected, and is now properly before this Court.

Appellant's court appointed lawyer on appeal has filed an appellate brief in which he states that, after diligent study of the transcript and statement of facts, he "is unable to, in good faith, urge upon this Court any grounds of error that would require the reversal of appellant's conviction." He certified that a copy of his brief was served on appellant. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Gainous v. State, Tex.Cr. App., 436 S.W.2d 137. In addition to the brief filed by his attorney, appellant has filed a pro se brief.

In compliance with his duty as court-appointed attorney, counsel has raised three grounds of error that might arguably support the appeal. The pro se brief also makes a number of contentions which we shall consider as grounds of error.

■ Counsel's brief, in the first ground of error, asserts that appellant was not specifically identified as the robber, and that therefore the evidence of identity was insufficient to support the verdict. This ground is without merit. Appellant was positively identified as the robber by the complaining witness whom he robbed by using a pistol, and by another eye witness.

■ Counsel's second ground of error, which is also raised in the pro se brief, is that the prosecuting attorney made an improper inquiry of a witness concerning a pending indictment for impeachment purposes.

The alleged inquiries and answers are as follows:

"Q . . . Where were you arrested in this case?

"A In the courtroom.

"Q Whose court?

"A Judge Dan Walton's.

"Q What were you doing there?

"A I was there on allegedly . . . I was there because I was being accused of possession of marihuana."

There was no objetion to any of these questions, nor was there any motion to disregard or strike the answers or for any relief of any kind. In the absence of timely objection, error, if any, was waived, and nothing is presented for review. Burks v. State, Tex.Cr.App., 432 S.W. 925; Smith v. State, Tex.Cr.App., 437 S.W.2d 835.

Counsel's third ground of error raises the claim of ineffective assistance of counsel by reason of the failure of appellant's attorney to make any objections to the evidence presented to the jury.

■ Appellant was represented at his trial by an employed attorney. Incompetency of retained counsel cannot be imputed to the State. Davis v. State, Tex.Cr. App., 429 S.W.2d 895; Lawson v. State, Tex.Cr.App., 467 S.W.2d 486; Howard v. Beto, 5 Cir., 375 F.2d 441. The record has been carefully examined, and we do not conclude that there was ineffective assistance of counsel, no breach of legal duty being shown. The record reflects a case of robbery in which a pistol was exhibited, with positive identification of appellant as the robber. A prior conviction of robbery by assault was alleged and proved for enhancement purposes. Article 62, V.A.P.C. The third ground of error is overruled.

■ Among other complaints made by appellant in his pro se brief is his conten-

tion that the indictment is "fatally defective," in that it alleges that an assault was made by him upon the injured party, Annie Jeu, but does not specify "what kind of assault took place." The contention is without merit. We find that the indictment follows Article 1408, V.A.P.C., and the form set forth under that article in Branch's Ann.Penal Code, 2d Ed., Vol. 5, p. 12, and has been approved many times by this court. See annotations to Article 1408, V.A.P.C., and in Branch, supra.

After alleging the assault upon Annie Jeu and violence and putting her in fear of life and bodily injury, the indictment alleges that appellant took "money, the same being then and there the corporeal personal property of Annie Jeu . . ." Appellant claims that a variance exists between these allegations and the proof, saying that the record shows "that the money did not in fact 'belong' to Miss Jeu which you are led to believe from the indictment, but to her father and that she was only a cashier at the Super Market, and the money was in her 'care and custody' and not her 'personal property.'"

The evidence was that Annie Jeu was the cashier at the Booker T. Supermarket and that on the day in question appellant entered the store, pointed a pistol at her, cocked the hammer, and said, "Give me your money," and that she, because she was in fear of her life, gave him the money. She testified that the money was under her care, custody and control. The indictment properly alleged possession and ownership to be in the person having the custody and control of the property. Goodrum v. State, 172 Tex.Cr.R. 449, 358 S.W. 2d 120.

We have carefully considered all of the contentions raised in appellant's pro se brief, and find no merit in any of them. All are overruled.

The judgment is affirmed.

Opinion approved by the Court.