Phillip David HUNNICUTT, Appellant,

v.

The STATE of Texas, Appellee.

No. 50254.

Court of Criminal Appeals of Texas.

Jan. 14, 1976.

Rehearing Denied Feb. 4, 1976.

Frank S. Wright, Dallas, on appeal only, for appellant.

Martin D. Eichelberger, Dist. Atty., Lynn Malone, Asst. Dist. Atty., Waco, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated rape under the provisions of V.T.C.A. Penal Code, Sec. 21.03. Punishment for this first degree felony was assessed at life imprisonment by the trial court following a verdict of guilty.

Appellant contends that the trial court erred in admitting into evidence certain items seized from his automobile in violation of the Fourth Amendment, United States Constitution, and Article I, Sec. 9 of the State Constitution. He further urges that he was denied the effective assistance of trial counsel guaranteed by the Federal and State Constitutions—pointing out, among other things, that his retained and only counsel was an out-of-state lawyer not licensed to practice in Texas.

The sufficiency of the evidence is not challenged. Suffice it to say, the record reflects the prosecutrix, 17 years of age at the time, and her roommate, both apparently high school students, had rented an apartment at the Whispering Oaks Apartments in Waco. On May 19, 1974, the prosecutrix awoke at 5:30 a.m. to observe a hooded man standing beside her roommate's bed, telling her he would kill her if she screamed. The prosecutrix feigned sleep and had her head turned to the wall, but she could hear the conversation between her roommate and the man. Later, he came to the prosecutrix's bed, shook her and pulled the covers down. He began to fondle her, told her not to resist as he had a gun and would kill her. The prosecutrix observed the man had both a gun and a

flashlight. He pulled her to the floor and raped her. Thereafter, he left through the front door. The prosecutrix identified the appellant as her assailant as she had seen him closely by the light of the flashlight after he had ripped off his hood or mask. She identified a pistol as one being similar to that exhibited by appellant, as well as gloves, as being similar to the ones she had seen on the carpet at the time of the alleged offense.

Appellant's written extrajudicial confession was admitted into evidence after a separate hearing on the voluntariness thereof. The only objection to the confession was that in addition to confessing the offense charged the appellant admitted that he had committed an act of oral sodomy upon the roommate and forced her to commit such an act upon him. The objection was overruled and the confession admitted into evidence before the jury.[1]

Turning to the search and seizure question, the record reflects that a week later on May 26, 1974, 25 or 30 Waco police officers were on a "stake out" at various apartment complexes in Waco. Officer Michael Larrew was assigned to the Casa Linda apartments and Officer Lewis to Casa Royale apartments, which had a common parking lot with Casa Linda apartments. Larrew stated about 3:30 a.m. he observed a car circle the block and about 10 minutes later return and park around the corner. About 10 or 15 minutes thereafter, the officer observed a short, stocky white male walking across the parking lot. Sometime later, when he and Officer Lewis were on a foot patrol of the complexes, he observed the same man, whom he identified as the appellant, crossing the parking lot again

going in the same direction as he had earlier. Later the appellant was seen going into an apartment at the Casa Royale, and 10 minutes later he was seen to emerge from the room. When he reached ground level, the officers decided to talk to him as he appeared to be roaming around aimlessly for an hour and 45 minutes after he was first observed. He gave his name, but had no identification. He admitted he was not a resident of Casa Royale, but stated he was waiting for an old girlfriend. The appellant suddenly complained of a stomach ache and was allowed to sit in the back seat of the police vehicle. At this point, he became very nervous and upset, his voice falling suddenly and then going higher. When asked about who his girlfriend was, he mumbled something unintelligible, and when asked what he was doing at the apartments, he stated he planned to swim nude in the swimming pool "just for kicks." At this point the officer told the appellant he was under arrest as a suspicious person and was going to be taken to the police station for further questioning. When asked if he was in a vehicle and, if so, if he would like for it to be taken to the police station, the appellant agreed and took the officers around the corner and pointed out a green Rambler and told Officer Larrew the keys were in the car. When Larrew opened the car door, the interior light came on and he began to look for the keys and noticed what appeared to be a pile of rags on the front seat. He reached over and picked up one of them and it appeared to be a pillowcase fashioned as a mask. Larrew related that as he stepped out of the car to show Lewis what he had found Officer Lewis stepped forward to say the appellant had just told him a pistol was in the car.[2] Lar-

---

1. In *Taylor v. State*, 420 S.W.2d 601 (Tex.Cr. App.1967), this court stated:
   "It is well settled that '(w)here the offense is one continuous transaction, or another offense is a part of the case on trial or blended or closely interwoven therewith, proof of all the facts is proper." See also 4 Branch's Ann.P.C., 2d ed., Sec. 2255, p. 618; 23 Tex.Jur.2d, Sec. 196, p. 302.

2. There was no objection to this testimony on the grounds of hearsay. Officer Lewis was not called to testify. It appears from what was developed in the record that appellant volunteered the information as to the pistol while in an upset and nervous condition shortly after his arrest.

rew then found the pistol under the "rags," which also included a white cotton glove, a white sock, a nylon stocking and a flashlight.

■ Appellant was initially arrested by the officers under the authority of Article 14.03, Vernon's Ann.C.C.P.[3] After being informed of his arrest, he agreed that his vehicle should be taken to the police station. Appellant does not contend that Officer Larrew did not have justifiable cause for being in his (appellant's) automobile, but contends that what followed was a warrantless search without probable cause and there was nothing in plain view. We cannot agree. The officer was in appellant's vehicle with his consent, and while looking for the keys, he saw in plain view a pillowcase altered to serve as a mask.[4] Officer Larrew was then informed that appellant had stated there was a pistol in the car. The information thus given Officer Larrew gave him probable cause to search the car. See, V.T.C.A. Penal Code, Sec. 46.02. Cf. *Dugger v. State*, 402 S.W.2d 178, 180 (Tex.Cr.App.1966); *Thompson v. State*, 398 S.W.2d 942, 944 (Tex.Cr.App.1966). In his search, Larrew found the pistol under the "rags," which were also found to include the items previously mentioned, all on the front seat of the car.

We conclude the search and seizure were permissible under both the State and Federal Constitutions.

There are, of course, other reasons why the error, if any, in admitting into evidence the items found in appellant's car do not present reversible error.

■ There was positive eyewitness testimony from the prosecutrix, who had an opportunity to observe the appellant from close proximity and at one time with a flashlight shining on his face. In addition, there is the voluntary extrajudicial confession of the appellant in which he mentions the use of a mask and pistol in the commission of a crime of rape. Even if it could be validly argued the items taken from appellant's car resulted from an improper search, the admission of such evidence in light of the eyewitness testimony and appellant's confession would render the error harmless beyond a reasonable doubt. See *Clemons v. State*, 505 S.W.2d 582 (Tex.Cr.App.1974); *Bridger v. State*, 503 S.W.2d 801 (Tex.Cr. App.1974); *Clemons v. State*, 501 S.W.2d 92 (Tex.Cr.App.1973).

■ Further, at the penalty stage of the trial the appellant took the stand. On cross-examination the prosecutor asked:

"Q Mr. Hunnicutt, are you guilty of what you're charged with?

The appellant replied, "Yes, sir."

Thus, any objection the appellant may have had was waived when he made a judicial confession of the offense with which he was charged. *Richardson v. State*, 458 S.W.2d 665 (Tex.Cr.App.1970); *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr.App.1971); *Palmer v. State*, 475 S.W.2d 797 (Tex.Cr. App.1972); *Sheridan v. State*, 485 S.W.2d 920 (Tex.Cr.App.1972); *McKenzie v. State*, 487 S.W.2d 65 (Tex.Cr.App.1972). Cf. *Creel v. State*, 493 S.W.2d 814 (Tex.Cr.App.1973).

■ Next, we shall consider the appellant's claim of deprivation of effective as-

3. Article 14.03, supra, provides:
   "Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."
   Under the circumstances of the instant case, see V.T.C.A., Penal Code, Sec. 21.08 (Indecent Exposure).

4. An officer may seize contraband which he sees in plain sight or open view if he is lawfully where he is. See and cf. *Alberti v. State*, 495 S.W.2d 236 (Tex.Cr.App.1973); *Jackson v. State*, 449 S.W.2d 279 (Tex.Cr. App.1970); *Morrison v. State*, 508 S.W.2d 827 (Tex.Cr.App.1974); *LeBlanc v. State*, 424 S.W.2d 434 (Tex.Cr.App.1968); *Casarez v. State*, 504 S.W.2d 847 (Tex.Cr.App.1974); *Holman v. State*, 474 S.W.2d 247 (Tex.Cr. App.1971); *Lewis v. State*, 439 S.W.2d 351 (Tex.Cr.App.1969).

sistance of counsel. It is his claim that since his sole counsel was not licensed in Texas and counsel was not associated with Texas counsel in the trial he made many procedural errors due to his lack of knowledge of Texas criminal procedure. The State argues the record fails to reflect that appellant's retained counsel was not licensed in Texas. The docket sheet and the transcription of the court reporter's notes reflect that defense counsel's address was "Attorney at Law, 815 Cravens Building, Oklahoma City, Oklahoma, 73102," and the affidavit of the assistant district attorney introduced at the hearing on the motion for new trial [5] reflects he was present when the trial judge granted defense counsel permission to practice in his court for the purpose of the instant case since counsel was not licensed to practice in Texas. Further, this court will take judicial notice of whether an attorney is licensed in Texas or not. Cf. *Devereaux v. Daube*, 185 S.W.2d 211 (Tex. Civ.App.1945—no writ). See also 23 Tex. Jur.2d, Evidence, Sec. 25, p. 45.

■ It seems clear that the fact that a private or retained counsel representing the accused in a criminal case was an attorney from another jurisdiction but was not admitted to practice in the court in which the accused was tried does not conclusively show that such counsel is incompetent. *Dennis v. United States*, 340 U.S. 887, 71 S.Ct. 133, 95 L.Ed. 644 (1950), 74 A.L.R.2d 1390 at p. 1426 and cases there cited.

Article 308, Vernon's Ann.C.S., provides:

"The Supreme Court shall make such rules and regulations as to admitting attorneys from other jurisdictions to practice law in this State as it shall deem proper and just. All such attorneys shall be required to furnish satisfactory proof as to good moral character."

Pursuant to such statute, the present Rules Governing Admission to the Bar of Texas adopted by the Supreme Court of

Texas on February 26, 1974, provide in Rule XII(*l*) as follows:

"(*l*) A reputable non-resident attorney, although not licensed to practice law in Texas, may, after first complying with the requirements hereinafter set forth, participate in the trial or hearing of any particular cause in this State, provided a resident practicing attorney of this State, a member of the State Bar of Texas, is actually employed and associated and personally participates with such non-resident attorney in such trial or hearing. If such admission is sought to any court of this State by a non-resident attorney, applicant shall first file with the court wherein he or she seeks admission a written sworn motion requesting admission. The motion shall contain:

"(1) The office address of the non-resident attorney.

"(2) The office address of an attorney of this State with whom the non-resident attorney is associated in the trial.

"(3) A statement that the non-resident attorney is or is not a member in good standing of the Bar of the state of his residence.

"(4) A statement that the non-resident attorney has or has not been the subject of disciplinary action by the Bar or courts of the state of his residence during the preceding five (5) years.

"(5) A statement that the non-resident attorney has or has not been denied admission to the courts of any state or to any federal court during the preceding five (5) years.

"(6) A statement that applicant is familiar with the Rules of the State Bar of Texas governing the conduct of members of the State Bar of Texas, and will at all times abide by and comply with the same so long as such trial

---

5. Article 40.06, Vernon's Ann.C.C.P., provides in part that the trial judge, upon a hearing on a motion for new trial, "shall

hear evidence, by affidavit or otherwise, and determine the issue."

or hearing is pending, and he or she has not withdrawn as counsel therein.

"The motion of the non-resident attorney seeking admission shall be accompanied by motion of the resident practicing attorney of this State with whom he or she shall be associated in the trial or hearing of a particular cause, which shall contain a statement that the resident attorney finds the applicant to be a reputable attorney and recommends his or her admission to practice before the court.

"The judge may examine the non-resident attorney to satisfy himself that the non-resident attorney is aware of and will observe the ethical standards required of attorneys of this State. If the judge is not satisfied that the non-resident attorney is a reputable attorney and will observe the ethical standards required of attorneys in this State, he may in his discretion deny the motion.

"If after admission to practice in this State the non-resident attorney engages in professional misconduct as that term is defined by the Rules Governing the State Bar of Texas, the admitting judge may revoke his or her admission to practice and may cite him or her as for contempt. In addition, the admitting judge may refer the matter to the Grievance Committee of the Bar District wherein the court is located for such action by the Committee as it deems necessary and desirable.

"The filing of a motion requesting admission to a court of this State by a non-resident attorney shall constitute his or her submission to the jurisdiction of the State Bar of Texas Grievance Committee for the Bar District wherein the court is located. The county in which the court is located shall be considered the county of his or her residence for purpose of determining venue in any disciplinary action taken against him or her."

The requirement that out-of-state counsel be associated with Texas counsel is not a new requirement. See and cf. Attorney General's opinion No. 1601 (1939); *State Bar v. Belli*, 382 S.W.2d 475 (S.Ct.1964).

■ In the instant case it appears the trial court permitted an out-of-state attorney to practice in his court for the purpose of the instant case without the association of Texas counsel and without compliance with the other requirements of the aforesaid Rule. This should not have been done, and such action should not be condoned. We cannot agree, however, that the failure of the trial counsel to properly comply with such Rule or the failure of the trial court to require compliance would invalidate per se the conviction or demonstrate in and of itself the ineffective assistance of counsel. See *United States v. Bradford*, 238 F.2d 395 (2nd Cir. 1956) cert. denied, 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546. In addition to the factor of the lawyer being from outside the State and not complying with the stated Rule, there should be other factors showing incompetency, particularly under the circumstances, as here, where the trial court permitted, even though wrongly, such practice.

■ Turning to those other factors we noted, it is contended that counsel should have filed pre-trial motions, but appellant fails to point out what motions could or should have been filed or how he would have benefited therefrom. The mere "shotgun" filing of pre-trial motions, for the sake of appearance, does not in and of itself effectively aid the defense of an accused. See *Hayes v. State*, 484 S.W.2d 922 (Tex.Cr. App.1972).

■ Appellant's contention that trial counsel's failure to actively contest the admission of his confession does not reflect ineffective assistance of counsel absent a showing that the confession was obtained involuntarily. *Nichols v. State*, 500 S.W.2d 158 (Tex.Cr.App.1973).

■ Similarly, the fact that counsel did not object to the court's charge is not significant unless there is a showing that there should have been a proper objection or a requested charge or instruction. *Jackson v. State*, 491 S.W.2d 155 (Tex.Cr.App.1973).

■ Likewise, appellant's complaint that his counsel failed to call witnesses at the guilt stage of the trial or character witnesses later is unwarranted in absence of showing that such witnesses were available and appellant would benefit from the presentation of such evidence. *Coble v. State*, 501 S.W.2d 344 (Tex.Cr.App.1973).

■ Beyond the assertion in appellant's brief, there is nothing in the record to reflect that appellant had a history of psychological problems. The record reflects that the appellant was examined by two psychiatrists at the behest of the State, and their reports did not reflect any lack of mental competency. Under the circumstances, counsel cannot be faulted for failing to seek additional psychiatric evaluation of the appellant as contended.

■ The contentions that counsel was ineffective because he failed to file a *"Brady v. Maryland"*[6] motion seeking evidence favorable to the defense or seek under the "Gaskin rule"[7] statements of witnesses for use in cross-examination are without merit. There is nothing in the record to show that exculpatory evidence was in the possession of the State that would have been discoverable by a "Brady v. Maryland" motion or that any of the witnesses had given statements which could have been secured by invoking the "Gaskin rule."

The main problem with many of appellant's contentions, as seen from the above, is that there is no proof supporting the same. These contentions were asserted in allegations in an amended motion for new trial filed by Texas counsel after trial counsel was no longer in the case, but no proof was offered in support thereof at the hearing on such motion. The allegations of a motion for new trial do not prove themselves. *Huffman v. State*, 479 S.W.2d 62 (Tex.Cr.App.1972); *Carpenter v. State*, 473 S.W.2d 210 (Tex.Cr.App.1971).

■ Appellant also urges that counsel failed to "object with specificity" to the admission of items taken from appellant's car. While the objection was perhaps more general than it should have been, it was undoubtedly sufficient to apprise the trial court of the nature of the objection and certainly this court has not refused to review the question because of the nature of the objection.

■ Still further, appellant contends the most glaring error was counsel's failure to request prior to trial that the jury assess punishment in accordance with Article 37.-07, Vernon's Ann.C.C.P., counsel not being familiar with the statute as he was an out-of-state lawyer. Appellant apparently relies upon counsel's statement at the close of the guilt stage of the trial that he was unaware of the requirement that a request to have the jury assess punishment had to be filed prior to trial and belatedly requested the court to permit the jury to assess punishment. The State refused to agree, and the court assessed the punishment after the penalty stage of the trial. While counsel would have been better advised to have associated Texas counsel with him, the failure to make a timely request for the jury to assess punishment is not limited to out-of-state counsel; see, e. g., *Green v. State*, 433 S.W.2d 435 (Tex.Cr.App.1968). We cannot conclude that such error or oversight alone would render counsel ineffective. In light of the overwhelming evidence of guilt and the number of peace officers and women who all testified at the penalty stage of the trial that the appellant's reputation for being a peaceful and law-abiding citizen was bad, it would be difficult to say that the jury, if allowed, would have assessed a lesser penalty.

■ Further, counsel having been retained, any claim of incompetency or lack of effective assistance of counsel cannot be imputed to the State. *Elizalde v. State*, 507 S.W.2d 749 (Tex.Cr.App.1974); *Kincaid v.*

---

**6.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**7.** *Gaskin v. State*, 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1962).

*State,* 500 S.W.2d 487 (Tex.Cr.App.1973); *Curtis v. State,* 500 S.W.2d 478 (Tex.Cr.App.1973); *Cleaver v. State,* 498 S.W.2d 945 (Tex.Cr.App.1973); *Martin v. State,* 493 S.W.2d 866 (Tex.Cr.App.1973); *Sellers v. State,* 492 S.W.2d 265 (Tex.Cr.App.1973); *Hall v. State,* 492 S.W.2d 950 (Tex.Cr.App.1973); *Farmer v. State,* 491 S.W.2d 133 (Tex.Cr.App.1973); *Perez v. State,* 491 S.W.2d 672 (Tex.Cr.App.1973); *Gondek v. State,* 491 S.W.2d 676 (Tex.Cr.App.1973).

Our review of the record does not reflect any willful misconduct by retained counsel without appellant's knowledge which amounts to a breach of legal duty so as to deny the appellant of the effective assistance of counsel. *Steel v. State,* 453 S.W.2d 486 (Tex.Cr.App.1970); *Lawson v. State,* 467 S.W.2d 486 (Tex.Cr.App.1971); *Walsh v. State,* 468 S.W.2d 453 (Tex.Cr.App.1971); *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.1972); *White v. State,* 487 S.W.2d 104 (Tex.Cr.App.1972); *Ex parte Hill,* 528 S.W.2d 259 (Tex.Cr.App.1975), and cases there cited; *Ex parte Raley,* 528 S.W.2d 257 (Tex.Cr.App.1975).

Appellant's contention is overruled.

The judgment is affirmed.