**Affirmed and Memorandum Opinion filed May 10, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-10-01173-CR
NO. 14-11-00165-CR
NO. 14-11-00166-CR
NO. 14-11-00167-CR
NO. 14-11-00168-CR
NO. 14-11-00169-CR
NO. 14-11-00170-CR
NO. 14-11-00171-CR

_____

**NATHAN LUKE BALDRIDGE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 61,623**

## MEMORANDUM OPINION

Appellant pleaded guilty without an agreed recommendation on punishment to three counts of aggravated sexual assault of a child and five counts of indecency with a child. The trial court sentenced appellant to confinement for fifteen (15) years in the Institutional Division of the Texas Department of Criminal Justice on each of the three counts of

aggravated sexual assault, to run consecutively. On each of the five counts of indecency with a child, the trial court sentenced appellant to confinement for ten (10) years in the Institutional Division of the Texas Department of Criminal Justice, the sentences to run concurrently with each other and the three fifteen-year sentences. Appellant filed a notice of appeal and motion for new trial, claiming ineffective assistance of counsel. The trial court conducted a hearing and denied the motion for new trial. Appellant then brought this appeal.

## BACKGROUND

The complainant in each count was appellant's niece, S.G. The sexual abuse began when S.G. was six or seven years old and continued until she was approximately eighteen. Appellant is approximately ten years older than S.G.

Trial counsel was initially retained to represent appellant and his brother on a charge of burglary of a building. Appellant's brother was a co-defendant in that case. Appellant was then charged with sexual assault of S.G. Appellant pleaded guilty without an agreed recommendation on punishment to the charge of burglary and was sentenced to two years in a state jail facility. As noted above, he also pleaded guilty without an agreed recommendation on punishment to all eight counts of sexual abuse and was sentenced by the trial court.

In his sole issue, appellant complains he received ineffective assistance from his trial counsel. Specifically, appellant complains of the following:

- his plea was involuntary in that it was based on trial counsel's advice he was eligible for probation;

- trial counsel failed to object to the opinion of future dangerousness contained in the pre-sentence investigation report;

2

- trial counsel failed to provide mitigating evidence during the sentencing hearing;

- trial counsel failed to object to the State's introduction of a probable cause affidavit containing hearsay admissions by appellant of extraneous offenses committed outside the State of Texas; and

- trial counsel failed to object to the State's improper closing argument during the sentencing hearing.

## STANDARD OF REVIEW

When, as here, the trial court has already rejected the merits of appellant's ineffective-assistance claim by denying his motion for new trial, we must consider his arguments in light of that ruling. *Rodriguez v.* State, 329 S.W.3d 74, 81 (Tex. App. -- Houston [14th Dist.] 2010, no pet.). *See also Charles v. State,* 146 S.W.3d 204, 207–08 (Tex. Crim. App. 2004), *superseded by statute on other grounds by* Tex. R. App. P. 21.8(b), *as recognized in State v. Herndon,* 215 S.W.3d 901, 905 n. 5 (Tex. Crim. App. 2007); *My Thi Tieu v. State,* 299 S.W.3d 216, 223 (Tex. App. -- Houston [14th Dist.] 2009, pet. ref'd). Accordingly, when analyzing the trial court's decision to deny a new trial based on ineffective assistance of counsel, we view the relevant legal standards through an abuse-of-discretion standard. *See Ramirez v. State,* 301 S.W.3d 410, 415 (Tex. App. -- Austin 2009, no pet.). We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable. *Charles,* 146 S.W.3d 208. Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*

Claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* an appellant must prove that his trial counsel's representation was deficient and that the deficient performance was so serious that it deprived appellant of a fair trial.

3

*Strickland,* 466 U.S. at 687. The same standard of review is applied whether the alleged acts or omissions constituting ineffective assistance of counsel occurred in the guilt/innocence phase or the punishment phase of trial. *Hernandez v. State*, 988 S.W.2d 770, 772-74 (Tex. Crim. App. 1999). To establish the first prong, an appellant must show that counsel's performance fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 688. Regarding the second prong, an appellant must demonstrate prejudice. *Id*. at 692. In the context of a guilty plea, a defendant satisfies the second prong by showing that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Ex parte Imoudu,* 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). In reviewing ineffective assistance of counsel errors that occur during the punishment phase, we determine whether there is a reasonable probability that the punishment assessed would have been less severe but for counsel's deficient performance. *Strickland*, 466 U.S. at 694.

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697. A defendant's failure to satisfy one prong negates the need to consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 3411, 177 L.Ed.2d 326 (2010).

INVOLUNTARY PLEA

The record reflects appellant pleaded guilty without a plea bargain. Appellant argues his plea was involuntary because it was based on trial counsel's advice that he was eligible for probation and that the trial court would not stack his sentences.

The written admonishments in the record show appellant was advised of the correct punishment range. Appellant initialed his guilty plea and signed the admonishments. Appellant also signed a document entitled "PLEA AGREEMENT" for the three offenses of sexual assault. That document recites the correct range of punishment and states "plea

4

open."   Likewise, appellant signed a document entitled "PLEA AGREEMENT" for the five offenses of indecency with a child.   That document also recites the correct range of punishment and states "open plea."   The record of the plea hearing reflects the trial court advised appellant:

> THE COURT: Do you understand that in Cause No. 61623 that if there were a trial by jury and there were a finding of guilt, that in that case a jury would at least have the option to place you or recommend that you be placed on probation?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   Do you understand that?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   And do you understand that if you plead open to the Court, which is I understand this plea to be, you're basically saying I want the Judge to assess the punishment, which would be me.   Under that set of circumstances, do you understand that I cannot place you on probation?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   Understanding that, do you still want to plea open to the Court?
>
> THE DEFENDANT:   Yes, sir.
>
> . . .
>
> THE COURT:   . . . [A]re you pleading guilty freely and voluntarily?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:   Has there been any threat, force, fraud, unlawful persuasion, illegal coercion or inducements of any kind used to make you plead guilty?
>
> THE DEFENDANT:   No, sir.
>
> THE COURT:   In Cause No. 61623, are you pleading guilty to the three counts of sexual assault of a child and five counts of indecency with a child because you are guilty and for no other reason?

THE DEFENDANT:   Yes, sir.

THE COURT:   . . .   I have before me documents that are titled Defendant's Affidavit of Admonitions, Waivers, Judicial Confession, Statements, Plea, Probation and Appeal - Felony Less Than Capital, these documents here, sir. Did you read them and understand them?

THE DEFENDANT:   Yes, sir.

THE COURT:   Did you discuss them with your attorney?

THE DEFENDANT:   Yes, sir.

. . .

THE COURT:   My understanding of the plea agreements in these cases is there is no recommendations that are going to be given the Court.   You're pleading open to the Court.   I'm going to order a presentence investigation, and I'm going to assess your punishment.   The only agreement, as I understand it, that you've reach with the State is you will -- based on your pleas, I'll make a finding of guilt in both of these cases.   Is that your understanding?

THE DEFENDANT:   Yes, sir.

. . .

THE COURT:   Now, Mr. Baldridge, you do know I'm going to be the one to assess the punishment?

THE DEFENDANT:   Yes, sir.

THE COURT:   And you understand that at least in Cause No. 61623,[1] the only option I'm going to have is to sentence you to the Texas Department of Criminal Justice Institutional Division?

THE DEFENDANT:   Yes, sir.

THE COURT:   Prison?

THE DEFENDANT:   Yes, sir.

---

[1] All eight counts of sexual assault proceeded under trial court cause number 61623.

THE COURT: Is that what you want to do?

THE DEFENDANT: Yes, sir.

THE COURT: Are you sure?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.

[THE STATE]: For the record, on Cause No. 61623, those offenses would fall under the penal code provision allowing for the Court to stack if the Court chooses. The State has filed a motion asking the Court to stack those offenses. So, I just want to make sure the defendant and his attorney are aware of that fact on the record.

[DEFENSE COUNSEL]: I am aware of what the State has filed, Judge.

THE COURT: All right. Mr. Baldridge, are you satisfied with your attorney's representation of you at this time up to this point?

THE DEFENDANT: Yes, sir.

Defense counsel testified at the hearing on appellant's motion for new trial. According to her, it was appellant's decision to request a pre-sentence investigation ("PSI") report and have the judge determine his sentence. She explained the consequences to him, such as the victim would not come to court to testify. Defense counsel testified there was never a plea offer. Regarding probation, counsel stated it was discussed that the trial court could consider probation on its own, but he was not necessarily entitled to it because it was a 3(g) offense. Counsel testified she believed the statute was not mandatory and the trial court could consider probation. According to counsel, "It was Mr. Baldridge's decision not to testify, not -- he didn't want to have a trial. That was his decision from the very outset of this case."

Appellant testified at the hearing on his motion for new trial that defense counsel told him "that by pleaing [sic] they would not stack." However, he then claimed that he was not aware the State had filed a motion to stack. Appellant testified defense counsel

7

advised him of a plea offer of fifteen years. When questioned further about the plea offer, the following exchange occurred:

[Appellate counsel]: Now, you said you had a 15-year offer. What did she advise you on that 15-year offer?

[Appellant]: She advised me that if I was to do the PSI and -- investigation report, that she told me that the Judge was lenient and that I would get a lesser sentence.

[Appellate counsel]: Where you aware that the State had filed motions to stack each of those counts?

[Appellant]: No, sir.

. . .

[Appellate counsel]: Were you informed that you could get probation through the Court on this case?

[Appellant]: Yes, sir.

[Appellate counsel]: By who?

Appellant named his defense counsel and the probation officer. Appellant testified that was "a motivation" to plead guilty. According to appellant, he believed he would get less than fifteen years and that his maximum sentence could be twenty years. Appellant claimed he was not advised the Court could stack and he thought his sentence would be around two or three years. Appellant also stated defense counsel "told me I could make parole in five years."

However, on cross-examination appellant agreed that the State was not making any particular offer on his plea of guilty. Appellant testified he remembered being admonished that the judge would assess punishment and that he said he understood. Appellant then testified he did not remember the judge admonishing him that the only option the judge had was to sentence appellant to prison or that he would not be eligible for

8

probation. Appellant stated he remembered the State making the Court aware that a motion to stack had been filed. Appellant also remembered the Court asking if he were satisfied with his attorney's representation and that he answered affirmatively. Further:

> [The State]: Okay. Why did you think you would only get two or three years in this case?
>
> [Appellant]: 'Cause when [defense counsel] came to me with the 15 years, I asked her if the D.A. would go any lower and she said no. And then she explained the PSI to me saying that the Judge would take it lower than that because he's very lenient.
>
> [The State]: So, then, in essence, she was giving you her professional advice that the Judge would give you a lower number:
>
> [Appellant]: Correct.
>
> [The State]: And you relied on that advice?
>
> [Appellant]: Correct.

To support his claim of ineffective assistance, appellant relies upon being misinformed by counsel that he was eligible for probation, his testimony that he thought a plea offer had been made, and his testimony that he was unaware a motion to stack had been filed. Appellant's testimony regarding his awareness of a the motion to stack was equivocal. Trial counsel testified at the motion for new trial hearing that there was no plea offer. Accordingly, the record does not establish trial counsel was deficient in any respect other than misinforming appellant that the trial court could grant probation.

The record reflects appellant was not eligible for probation from the trial court and was misinformed by trial counsel on that point. *See* Tex. Code Crim. Proc. art. 42.12 § 3g(a)(1)(C) and (E) (West Supp. 2011). Trial counsel is charged with knowledge of the applicable law. *See Ex parte Welch*, 981 S.W.2d 183, 195 (Tex. Crim. App. 1998). Accordingly, counsel's representation fell below an objective standard of reasonableness, satisfying the first prong of *Strickland*. *See Aldrich v. State*, 296 S.W.3d 225, 242 (Tex. App. -- Fort Worth 2009, pet. ref'd).

9

However, the record fails to demonstrate appellant would not have pleaded guilty had counsel accurately informed him of the law regarding probation. Trial counsel testified that appellant did not want to have a trial. Appellant's father testified that appellant chose not to have a trial "to save his family members grief." The record shows appellant was correctly informed by the trial court that he was not eligible for probation and persisted in entering his plea. Appellant was directly and repeatedly questioned by the trial court at the plea hearing to ensure appellant understood the trial court could not grant probation and appellant would be sentenced to prison. The record does not support a finding appellant's plea was involuntarily entered because of trial counsel's deficient performance. Because the record does not establish prejudice, the second prong of *Strickland* has not been met. *See Freeman v. State*, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003). Accordingly, we cannot say the trial court abused his discretion in denying appellant's motion for new trial.

## FUTURE DANGEROUSNESS

Appellant further asserts trial counsel was ineffective for failing to object to the opinion of a witness under Texas Rules of Evidence 701 and 702. The evidence appellant complains of was admitted in the PSI report prepared by Community Supervision Officer Karis McCutchen. To demonstrate ineffective assistance of counsel on the ground of failure to object to the admission of evidence, the defendant must establish the evidence was inadmissible. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002). The rules of evidence do not generally apply to the contents of a PSI. *Fryer v. State*, 68 S.W.3d 628, 631 (Tex. Crim. App. 2002). See also *Stringer v. State*, 309 S.W.3d 42, 46 (Tex. Crim. App. 2010); and *Smith v. State*, 227 S.W.3d 753, 763 (Tex. Crim. App. 2007). A PSI may contain, and a trial court may consider, evidence that is not admissible under the Texas Rules of Evidence. *Fryer*, 68 S.W.3d at 631. Accordingly, counsel's failure to object to McKutchen's opinion in the PSI does not constitute deficient representation and appellant has not satisfied the first prong of *Strickland*.

## MITIGATING EVIDENCE

Appellant next claims trial counsel was ineffective in failing to provide mitigating evidence during the sentencing hearing. Appellant asserts trial counsel could have presented witnesses or a mitigation expert to rebut the opinions expressed by Karis McCutchen in the PSI. Appellant further argues trial counsel failed to present any meaningful mitigation evidence.

The record reflects trial counsel called appellant's father, Daniel Baldridge, to testify during sentencing. Trial counsel questioned Daniel Baldridge about erroneous information in the PSI and to clarify that appellant's mother did not return baby pictures to the victim out of anger. Daniel Baldridge testified that appellant felt great remorse and chose to forego a trial "to save his family members grief." The record does not demonstrate what testimony other witnesses or an expert would have given, or that it would have been favorable to appellant. Counsel's failure to call witnesses is irrelevant absent a showing that appellant would benefit from their testimony. *King v. State,* 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); and *Hunnicutt v. State,* 531 S.W.2d 618, 625 (Tex. Crim. App. 1976). Because no such showing has been made, we find the first prong of *Strickland* has not been met. Accordingly, appellant has not shown the trial court abused his discretion in denying appellant's motion for new trial.

## EXTRANEOUS OFFENSE

Appellant asserts trial counsel was ineffective in failing to object to the State's introduction of a probable cause affidavit containing hearsay admissions by appellant to extraneous offenses committed outside the State of Texas. The record reflects that during the plea hearing, State's Exhibit No. 3 was admitted with the stipulation "that if the witnesses were present, they would testify to substantially what's contained therein." Counsel responded, "No objection. We would agree and stipulate." State's Exhibit No. 3 is a complaint prepared by Investigator C.T. DuBois. In his affidavit, DuBois recounts

two acts of sexual assault described by appellant in his confession. One of those acts occurred in Arkansas, the other at Lake Jackson.

The same two incidents are described in detail in the PSI report. Appellant argues that "[m]aking the trial court . . . aware of additional offenses against the same complaining witness . . ." constituted ineffective assistance of counsel. The same evidence was admitted before sentencing. Appellant has not shown there is a reasonable probability that the punishment assessed would have been less severe if the complaint were not admitted. Thus, the second prong of *Strickland* has not been met. *See Freeman*, 125 S.W.3d at 511. Accordingly, the trial court's denial of appellant's motion for new trial was not an abuse of discretion.

IMPROPER CLOSING ARGUMENT

Lastly, appellant claims trial counsel was ineffective in failing to object to the State's argument at the close of the sentencing hearing. The State argued:

> This is the type of crime that the State Legislature addressed in 2007 with the inaction [sic] of Jessica's law and the creation of the new crime continuing sexual abuse of a child. The State's not asking the court to go back and retroactively apply that law to this crime. What the State is asking is that the court use any legal means at its disposal to achieve a result that is consistent with what the Legislature says this type of crime to be [sic] punished at.
>
> The State has filed and is asking for the court to run these sentences consecutively. Each one carries a penalty range of 2 to 20 years. The State is asking for those to be consecutively [sic] so that with the application of parole laws and the penalty range maximums we can achieve a result that would be consistent with what the state of the law is currently, what the community standard is.
>
> This court is probably well aware of jury trials that have occurred in this very court for instances that have been similar to this where it's not unusual for a life sentence - - sentences to be handed down.

12

Appellant asserts the State improperly argued (1) outside the law in effect at the time of appellant's offenses; and (2) that the community expects a specific punishment.

"To determine whether the prosecutor made an improper argument, we must consider the entire argument, not merely isolated sentences." *Robbins v. State*, 145 S.W.3d 306, 315 (Tex. App. -- El Paso 2004, pet. ref'd). The State did not argue for a specific sentence and referenced the changes in the law as a reason appellant's sentences should be stacked. *See Cortez v. State*, 683 S.W.2d 419, 410 (Tex. Crim. App. 1984) (the State argued for a specific sentence); and *Thompson v. State*, 89 S.W.3d 843, 850 (Tex. App. -- Houston [1st Dist.] 2002, pet. ref'd) (same). Taken as a whole, the argument attempts to convince the trial court to grant the State's motion to stack. Trial counsel could have failed to object because the argument was a proper plea to run the sentences consecutively.

Even if we agreed with appellant that counsel's failure to object satisfies the first prong of *Strickland*, appellant must further demonstrate prejudice. There is simply no basis for this court to conclude that there is a reasonable probability that the punishment assessed would have been less severe. The evidence showed that when appellant's niece was approximately six or seven years old and appellant was sixteen or seventeen, he began sexually abusing her and the abuse continued for more than ten years. Appellant was not given the maximum sentence the trial court could have assessed. Appellant could have been sentenced to an additional five years for each of the three counts of aggravated sexual assault and the trial court could have ordered all of the sentences to run consecutively. *See DeLeon v.* State, 294 S.W.3d 742 (Tex. App. -- Amarillo, 2009, pet. ref'd) (1997 amendment of section 3.03(b)(2)(A) of the Texas Penal Code authorized consecutive sentences for indecency with a child offenses). Thus, the second prong of *Strickland* has not been met. *See Freeman*, 125 S.W.3d at 511. The trial court's decision to deny appellant's motion for new trial is therefore not arbitrary or unreasonable.

## CONCLUSION

The trial court's implicit conclusion that counsel's representation was not ineffective, or that the result of the proceeding would not have been different but for counsel's performance, is supported by the record. Accordingly, we overrule appellant's issues and affirm the judgment of the trial court.


PER CURIAM


Panel consists of Chief Justice Hedges, and Justices Seymore and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).